Rogahn vs. The Moore Manufacturing & Foundry Co.

RoGAHN, Respondent, vs. THE MOORE MANUFACTURING & FOUNDRY COMPANY, imp., Appellant.

*April 10 — May 5, 1891.*

*Master's liability for torts of servant.*

If a foreman employed by a corporation has authority to employ and discharge workmen, it is within the scope of his authority to use such reasonable force as may be necessary to remove a discharged workman from the shop, and the corporation will be liable if he uses excessive force for that purpose. A complaint which charges the use of excessive force by the foreman, and injury caused thereby to such a workman, states a cause of action against the corporation.

APPEAL from the Circuit Court for *Milwaukee* County.

The defendant appeals from an order striking out as frivolous its demurrer to plaintiff's complaint, the substance of which appears in the opinion, for not stating a cause of action.

For the appellant there was a brief by *Williams, Friend & Bright,* and oral argument by *O. T. Williams.* To the

Rogahn vs. The Moore Manufacturing & Foundry Co.

point that the complaint charges acts not within the general scope of the foreman's authority, and does not show any direct authority for them, they cited *Howe v. Newmarch,* 12 Allen, 49; *Isaacs v. Third Ave. R. Co.* 47 N. Y. 128; *Mali v. Lord,* 39 id. 381; *Peck v. N. Y. C. & H. R. R. Co.* 70 id. 590; *Williams v. Pullman P. C. Co.* 40 La. Ann. 87; *Ware v. Barataria & L. C. Co.* 15 La. 169; *Smith v. Memphis & A. C. Packet Co.* 1 S. W. R. (Tenn.), 104; *Meehan v. Moorewood,* 5 N. Y. Supp. 710; *Curtis v. Dinneen,* 30 N. W. R. (Dak.), 148; *Hamberg v. Singer Mfg. Co.* 4 N. Y. Supp. 185; *McCann v. Tillinghast,* 140 Mass. 327.

For the respondent the cause was submitted on the brief of *M. N. Lando.*

COLE, C. J. The question presented on this appeal is, Does the complaint state a cause of action against the defendant corporation? If it does, the order of the circuit court, under the established practice here, must be affirmed.

The complaint, in substance, states that the plaintiff was working for the defendant company at the time of the injury complained of, pursuant to an employment made with one Beaman, who was the foreman of the defendant, having the right and power to engage and discharge men in the foundry department; that the plaintiff was ordered by Beaman to do certain work, which he refused to do; that Beaman then discharged him, and directed him to leave the shop at once, which the plaintiff said he would do as soon as he could get ready; that the foreman, to hasten plaintiff out of the shop, " maliciously, wickedly, and forcibly commenced to push and kick the plaintiff," and finally assaulted and struck him numerous blows in the face, and caused the plaintiff to fall, and thereby he broke his leg.

This is the substance of the complaint, and it is insisted that it fails to state a cause of action against the defendant, because it does not show or allege that the foreman had

authority to eject or remove a discharged workman forcibly from the shop, or that he acted within the scope of his employment when he thus assaulted the plaintiff. It is said the master is responsible for the acts of his servant only where such acts are committed within the scope of the servant's authority, or where the master sanctions and ratifies the servant's act. If the foreman was authorized by the company to discharge workmen, he might lawfully use such reasonable force as was necessary to remove the discharged man from the shop. This would be necessarily implied from the nature of the authority given to him.

There has been much discussion in the courts as to how far the master is liable for the torts of his servant, and many nice distinctions have been made; but it is generally agreed that for the negligent or wrongful acts of the servant in the line of his duty, for which the master would be liable if the act were done by himself, the master is responsible. This principle is illustrated and applied in numerous cases found in the books. Now, suppose the corporation had been a natural person, who had selected a foreman, and given him authority to engage and discharge workmen, would not the principal have authority to forcibly eject a workman from the shop who refused to leave when ordered to do so; and, if the principal might use necessary force to eject the discharged man, could not the foreman in charge of the shop do the same thing, and would it not be in the scope of his employment so to act? It seems to us the question must be answered in the affirmative. The case stated in the complaint would seem to stand on the same principle,— that a person shall be answerable for an injury which is done in the execution of that which he has employed another to do. In other words, the wrongful act is properly charged to be the act of him who has authorized it to be done.

Of course, we must assume in this case, upon the com-

plaint, that an excessive force was used, which the principal could not justify if he had done the act himself. But that is another question, which is not now before us. We have only to inquire whether the facts show a case for the application of the doctrine of *respondeat superior*, where the company is held liable for the acts of its foreman in using excessive force in removing a man from its shop, who refused to go, or did not leave as readily as the foreman thought he should or might have done. And it seems to us that, under the circumstances, the company should be held responsible for the injury which the foreman did while in the charge of the shop and in the exercise of the authority implied in his employment. It is conceded that, wherever the master has authorized the use of force for the accomplishment of an object, or where he could himself have lawfully used a certain degree of force for the accomplishing of such object, so that the authority of the servant in using force could be implied, the master is liable if the servant, through excess of zeal, misjudgment, or passion, use an excess of force, and does an injury. We are clearly of the opinion that the foreman acted within the scope of his employment in removing the plaintiff from the shop, and that if he executed the commands of his master with brutality, and not with due care and consideration, the master is responsible for his act. *Rounds v. D., L. & W. R. Co.*, 64 N. Y. 129; *Cohen v. D. D. E. B. & B. R. Co.* 69 N. Y. 170.

In *Rounds v. D., L. & W. R. Co.*, it is said that "it is, in general, sufficient to make the master responsible, that he gave to the servant an authority, or made it his duty, to act in respect to the business in which he was engaged when the wrong was committed, and that the act complained of was done in the course of his employment. The master, in that case, will be deemed to have consented to and authorized the act of the servant, and he will not be excused from liability, although the servant abused his au-

thority, or was reckless in the performance of his duty, or inflicted an unnecessary injury in executing his master's orders." Page 134. To the same effect are *Peck v. N. Y. C. & H. R. R. Co.* 70 N. Y. 587; *Hewett v. Swift*, 3 Allen, 420; *Moore v. Fitchburg R. Corp.* 4 Gray, 465; *Levi v. Brooks*, 121 Mass. 501; *Seymour v. Greenwood*, 6 Hurl. & N. 359; and *Fick v. C. & N. W. R. Co.* 68 Wis. 469.

Where the servant is authorized to use force against another when necessary in executing his master's orders or in conducting the business intrusted to him, the master commits it to him to decide what degree of force he shall use, and if through misjudgment or violence of temper the servant goes beyond the necessity of the occasion, and gives a right of action to another, he cannot be said, as to third persons, to have been acting beyond the line of his duty, or to have departed from his master's business. "Where, however, the servant, under guise and cover of executing his master's orders, and exercising the authority conferred upon him, wilfully and designedly, for the purpose of accomplishing his own independent malicious or wicked purposes, does an injury to another, then the master is not liable. The relation of master and servant as to that transaction does not exist between them. It is a wilful and wanton wrong and trespass, for which the master cannot be held responsible. And when it is said the master is not responsible for the wilful wrong of the servant, the language is to be understood as referring to an act of positive and designed injury, not done with a view to the master's service, or for the purpose of executing his orders." *Rounds v. D., L. & W. R. Co.* 64 N. Y. 136.

It follows from these views that the order of the circuit court must be affirmed. We say nothing about the question of practice, which was discussed at some length on the argument, because we deem it unnecessary.

*By the Court.*— Order of the circuit court affirmed.