[Civil No. 1089. Filed April 2, 1910.]

[108 Pac. 260.]

JOHN CONCHIN, Plaintiff and Appellant, v. EL PASO &
SOUTHWESTERN RAILROAD COMPANY, a Corpo-
ration, Defendant and Appellee.

1. MASTER AND SERVANT—INJURIES TO THIRD PERSON—ACTS WITHIN
SCOPE OF EMPLOYMENT.—Before the master can be held liable for
the negligence or wrongful act of his servant, it must appear that
the servant was engaged at the time in the performance of the
duties of his employment, and if so engaged, and the wrongful act
was performed in connection with such duties and in apparent fur-
therance of their accomplishment, the master is liable, though the
act be in excess of the authority conferred by him or in violation
of his express directions, provided it was not done in furtherance
alone of the servant's personal ends.

2. SAME—SAME—SAME.—A servant employed as a watchman to protect
railroad property and to eject trespassers has implied authority
to use force when necessary, and hence in shooting a trespasser on
the property such servant acted within the scope of his employment.

3. RAILROADS—INJURY TO TRESPASSER.—A railroad is liable to a tres-
passer on its grounds only for willful or wanton injury.

4. NEGLIGENCE—"WILLFUL"—"WANTON."—An act is willful where the
resulting injury is intentional or the natural and probable conse-
quence of the act. The word "wanton" is, however, more compre-
hensive, and to constitute "wantonness" it is not essential that the
injury should have been intentional or the probable consequence of
the wrongful act; it sufficing that the act indicates a reckless dis-
regard of the rights of others, a reckless indifference to results,
or that the injury is the likely and not improbable result of the
wrongful act.

5. MASTER AND SERVANT—INJURY TO THIRD PERSON—"WANTONNESS."—
A railroad watchman employed to guard the railroad property and
keep off trespassers, and who, on a trespasser's failing to halt when
commanded so to do, fired on and shot the trespasser, was guilty
of conduct constituting "wantonness."

6. RAILROADS—INJURY TO TRESPASSER—CONTRIBUTORY NEGLIGENCE.—
A trespasser on railroad property, who was shot by a railroad watch-
man, was not guilty of contributory negligence in failing to halt
when called on so to do by the watchman.

APPEAL from a judgment of the District Court of the
Second Judicial District, in and for Cochise County. Fletcher
M. Doan, Judge. Reversed.

The facts are stated in the opinion.

William B. Cleary, for Appellant.

Anything done by the watchman in the course of the employment, even though he exceeded his authority, was the act of the company, binding it in damages for its negligent performance; the mere fact that the watchman was a deputy sheriff did not excuse the company for his act. *St. Louis U. T. C.* v. *Hackett,* 58 Ark. 381, 41 Am. St. Rep. 105, 24 S. W. 881. "A railroad company employing a servant who happens to be a public officer acquires no immunity from such employment . . . ; the character of the servant's act is to be determined in the same way and upon the same principles as if he was not a public officer at all . . . ; if, while acting within the general scope of his employment, he simply disregards his master's orders or exceeds his powers, the master will be responsible for his conduct." *Sharp* v. *Erie Railroad Co.,* 184 N. Y. 100, 76 N. E. 923, 6 Ann. Cas. 250.

Herring, Sorin & Ellinwood, for Appellee.

The allegation of the complaint "that the said Stafford was then and there acting within the scope of his employment" is a mere conclusion and not a statement of any fact, and is insufficient. *Davis* v. *Houghtellin,* 33 Neb. 582, 50 N. W. 766, 14 L. R. A. 737; *Snyder* v. *H. & St. Jo. R. R. Co.,* 60 Mo. 413. A master is liable for the act of his servant done in the course of his employment about his master's business. Wood on Master and Servant, 522. A master is not liable for acts of his servant not within the scope of his employment. *Tuller* v. *Voght,* 13 Ill. 277–285; *Oxford* v. *Peter,* 28 Ill. 434; *C. M. & St. P. Ry. Co.* v. *West,* 125 Ill. 320–323, 8 Am. St. Rep. 380, 17 N. E. 788; *N. C. C. Ry. Co.* v. *Gastka,* 128 Ill. 613–617, 21 N. E. 522, 4 L. R. A. 481; *C. B. & Q. Ry. Co.* v. *Casey,* 9 Ill. App. 632; *Foster* v. *Essex Bank,* 17 Mass. 478. 508, 510, 9 Am. Dec. 168; *Merchants' Bank* v. *Bank of Columbia,* 5 Wheat. (U. S.) 326, 5 L. Ed. 100; *Bolinbroke* v. *Swindon Local Board,* 8 Ad. & E. 512; *Bailey* v. *Manchester Ry. Co.,* L. R. 7 C. P. 420; Evans' Ewell on Agency, marg. p. 489; Wood on Master and Servant, 522; Story on Agency,

9th ed., secs. 456–456a; 14 Am. & Eng. Ency of Law, 1st ed., pp. 818–825; *Thames Steamboat Co.* v. *Housatonic Ry. Co.,* 24 Conn. 40, 53, 54, 56, 63 Am. Dec. 154; *McCann* v. *Tillinghast,* 140 Mass. 327, 5 N. E. 164; *Cleveland* v. *Newson,* 45 Mich. 62, 7 N. W. 222; *Cantrell* v. *Colwell,* 40 Tenn. 471; *Golden* v. *Newbrand,* 52 Iowa, 59, 35 Am. Rep. 257, 2 N. W. 537.

DOE, J.—The plaintiff (here appellant) brought his action seeking to recover damages from the defendant for injuries inflicted by a watchman in its employ. In the first cause of action plaintiff, in substance, alleges: That the defendant employed one Stafford as watchman of all its property at certain railroad yards on its line of road, to guard its said property from depredations, to apprehend and turn over to a peace officer for arrest all persons who he believed had committed or attempted to commit any depredation upon its said property, to ascertain the identity of and to keep off and frighten away from said premises and property all persons acting in a suspicious manner, and armed him with a revolver to carry out his said employment. That plaintiff, about 3 o'clock in the morning, while passing the place where Stafford was stationed as such watchman in a peaceable manner, and without having committed or intending to commit any depredation upon its property, was fired upon by Stafford, who called to him to halt, but that plaintiff, being frightened, ran. That Stafford continued to fire toward him and hit him in the knee, but that Stafford did not intend to hit, but only to frighten, him. For a second cause of action, in addition to the foregoing matters, plaintiff alleges that Stafford was, at the time, a deputy sheriff, but does not allege that he was acting in such a capacity at the time of the acts complained of. Defendant filed general demurrers which were sustained, and, plaintiff declining to amend, judgment was rendered for defendant, and from said judgment plaintiff prosecutes this appeal. His only assignment of error is predicated upon the action of the court in sustaining the demurrers.

The question presented by this appeal may most conveniently be determined by a consideration of the propositions advanced by appellee in support of its demurrers and in the order stated; the same being: First. That the acts complained

of were without the scope of the watchman's employment. Second. That the complaint was fatally defective in failing to negative that the plaintiff was a trespasser, the injuries having been inflicted upon the premises of the defendant and the action based upon mere negligence. Third. That the plaintiff, being a trespasser to whom the defendant owed no duty except not to wantonly or willfully inflict injury upon him, the complaint is defective, in that it fails to charge wanton or willful injury and alleges mere negligence on the part of the defendant. Fourth. That by running away instead of stopping when challenged plaintiff was guilty of such contributory negligence as to prevent recovery.

While plaintiff's allegations that the acts complained of were within the scope of Stafford's employment are mere conclusions and to be treated as surplusage, yet all allegations of fact contained in the complaint which are properly pleaded must, for the purpose of this case, be treated as true. It is alleged in the complaint that Stafford was employed as a watchman to protect the defendant's premises and property from depredation, to ascertain the identity of persons who might commit or attempt to commit such depredation, "to apprehend and turn over to a peace officer for arrest all persons who he had reason to believe or did believe had committed or attempted to commit any crime against the property," to keep off and frighten away from the property all persons acting in a suspicious manner, and "that said Stafford was armed by defendant with a revolver to carry out his said employment."

The words "within the scope of his employment," as applied to the liability of a master for the wrongful acts of his servant, are probably not susceptible of any satisfactory definition of general application; each case must be determined by the particular facts and circumstances surrounding it. Before the master can be held liable for the negligence or wrongful act of his servant, it must appear that the servant was engaged at the time in the performance of the duties of his employment, and if so engaged, and the wrongful act was performed in connection with such duties and in apparent furtherance of their accomplishment, the master will be liable, even though the act be in excess of the authority conferred by him or in violation of his express directions, provided,

however, that it is not done in furtherance alone of the personal desires or ends of the servant.

The intent with which an act is done affords a more reliable test as to whether it is within the scope of the servant's employment than do the methods of its accomplishment. The nature of Stafford's employment carries with it an implied authority to use force when necessary. "And even where the master owes no duty to the person injured, the authority to use force may be implied from the nature of the employment so as to render the master liable, even though the servant goes beyond the necessity of the situation and uses more force than necessary. For instance, the authority to use force is ordinarily implied where the employee is a watchman or doorkeeper." 26 Cyc. 1541. In *Rogahn* v. *Moore Mfg. & Foundry Co.*, 79 Wis. 573, 48 N. W. 669, the court says: "Where the servant is authorized to use force against another when necessary in executing his master's orders or in conducting the business intrusted to him, the master commits it to him to decide what degree of force he shall use, and if through misjudgment or violence of temper the servant goes beyond the necessity of the occasion, and gives a right of action to another, he cannot be said, as to third persons, to have been acting beyond the line of his duty, or to have departed from his master's business." The New York court of appeals has said: "It is in general sufficient to make the master responsible that he gave to the servant authority, or made it his duty to act in respect to the business in which he was engaged when the wrong was committed, and that the act complained of was done in the course of his employment. The master in that case will be deemed to have consented to and authorized the act of the servant, and he will not be excused from liability, although the servant abused his authority or was reckless in the performance of his duty, or inflicted an unnecessary injury in executing his master's orders." *Rounds* v. *Railroad Co.*, 64 N. Y. 129, 21 Am. Rep. 597.

Applying the foregoing tests to the facts alleged in the complaint, it seems clear that Stafford was not acting independently, but strictly within the scope of his employment.

Counsel for appellee, in his second proposition, assumes that the complaint is based upon simple negligence. If this assumption be true, the complaint is fatally defective in failing

to show any right or license for plaintiff's presence upon the defendant's premises, for clearly the defendant would not be liable to a trespasser for injuries due to its mere negligence. The plaintiff, however, could, at most, have been a trespasser to whom the defendant would be liable for willful or wanton injury, which brings us to a consideration of appellee's third proposition.

In many cases the words "willful" and "wanton" are treated as synonymous, and in those cases where an attempt has been made to distinguish them it has usually been with reference only to the facts of the particular case. An act is "willful" where the resulting injury is intentional or the natural and probable consequence of the act. The word "wanton" is, we think, more comprehensive than "willful." To constitute "wantonness" it is not essential that the injury should have been intentional or the probable consequence of the wrongful act; it is sufficient that the act indicates a reckless disregard of the rights of others, a reckless indifference to results, or that the injury is the likely and not improbable result of the wrongful act. The word "likely" is here used in the sense of something more than possible and less than probable. "Wantonly. Done in a licentious spirit, perversely, recklessly, without regard to propriety or the rights of others; careless of consequences, and yet without settled malice." 2 Bouvier's Law Dictionary, 1207.

The complaint expressly negatives any intent to inflict injury, and consequently eliminates the element of willfulness from our consideration. It only remains to consider whether the pleader has negatived wantonness as well. We think he has fallen a little short of so doing. Stafford had no right to arrest the plaintiff under the circumstances alleged in the complaint. Crim. Code (Rev. Stats. 1901), c. 3, tit. 5. The injury is alleged to have been inflicted in the night while the plaintiff was, at most, a mere technical trespasser upon defendant's right of way and was guiltless of the commission or intent to commit any crime, and while he was retreating to avoid apprehension or arrest, or, as he may well have thought, a felonious assault. In firing toward and near the plaintiff while he was running, and in the nighttime, though without intending to hit him, but only intending to try to halt or frighten him away, Stafford must have known

that injury was the not improbable but likely result of his wrongful act, and displayed a reckless disregard of the rights of plaintiff and a disregard of and indifference to results constituting wantonness.

Appellee's fourth proposition is obviously without merit. There is nothing in the complaint from which a duty on the part of plaintiff to halt may be implied.

Plaintiff, in his second cause of action, alleges that Stafford was a deputy sheriff; but the facts stated do not indicate that he acted in such capacity, but clearly show that at the time of the injury he was acting in the capacity of watchman.

For the foregoing reasons, the judgment of the district court is reversed, and the cause remanded for further proceedings.

KENT, C. J., and CAMPBELL and LEWIS, JJ., concur.

NOTE.—As to master's civil responsibility for wrongful or negligent act of his servant toward one who has no claim upon the master by reason of contract, see note to *Ritchie* v. *Waller* (Conn.), 27 L. R. A. 161.