OPINION
{¶ 1} Appellant, Jeffrey O'Brien, was charged with one count of violation of a prior court order in violation of R.C. 2152.02 and one count of receiving stolen property in violation of R.C. 2913.51 (Case No. JU-132894). In Case No. JU-133166, appellant was charged with one count of obstructing official business in violation of R.C. 2921.31 and one count of resisting arrest in violation of R.C. 2921.33. In Case No. JU-133167, appellant was charged with two counts of unruly in violation of R.C. 2151.022. Appellant was also charged with one count of aggravated arson in violation of R.C. 2909.02 and one count of burglary in violation of R.C. 2911.12 (Case No. JU-133789).
 {¶ 2} A bench trial commenced on October 25, 2004. By judgment entry filed November 4, 2004, the trial court dismissed the receiving stolen property, obstruction and resisting counts, and found appellant delinquent and unruly of the remaining counts. The trial court committed appellant to the Department of Youth Services for a minimum of one year to a maximum of his twenty-first birthday on each of the felony counts, aggravated arson and burglary, to be served concurrently. A ninety day commitment for the violation of a prior court order was ordered to be served concurrently with the felony counts.
 {¶ 3} Appellant filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:
 I {¶ 4} "THE TRIAL COURT ERRED WHEN IT FOUND THE APPELLANT JEFFREY O'BRIEN DELINQUENT OF ONE COUNT OF BURGLARY WHEN THE STATE FAILED TO PRESENT SUFFICIENT EVIDENCE THAT ANY PERSON OTHER THAN AN ACCOMPLICE EITHER WAS PRESENT OR LIKELY TO BE PRESENT DURING THE COMMISSION OF THE OFFENSE."
 II {¶ 5} "THE TRIAL COURT ERRED WHEN IT FOUND THE APPELLANT JEFFREY O'BRIEN DELINQUENT OF ONE COUNT OF BURGLARY WHEN THE MANIFEST WEIGHT OF THE EVIDENCE SHOWED THAT NO PERSON OTHER THAN AN ACCOMPLICE EITHER WAS PRESENT OR LIKELY TO BE PRESENT DURING THE COMMISSION OF THE OFFENSE."
 III {¶ 6} "THE TRIAL COURT ERRED WHEN IT FOUND THE APPELLANT JEFFREY O'BRIEN DELINQUENT OF ONE COUNT OF AGGRAVATED ARSON WHEN THE STATE FAILED TO PRESENT SUFFICIENT EVIDENCE THAT HE SET THE FIRE RESPONSIBLE FOR CAUSING PHYSICAL DAMAGE TO AN OCCUPIED STRUCTURE."
 IV {¶ 7} "THE TRIAL COURT ERRED WHEN IT FOUND THE APPELLANT JEFFREY O'BRIEN DELINQUENT OF ONE COUNT OF AGGRAVATED ARSON WHEN THE MANIFEST WEIGHT OF THE EVIDENCE SHOWED THAT HE WAS NOT THE PERSON WHO SET THE FIRE RESPONSIBLE FOR CAUSING PHYSICAL HARM TO AN OCCUPIED STRUCTURE."
 V {¶ 8} "THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT SENTENCED THE APPELLANT JEFFREY O'BRIEN TO A DEPARTMENT OF YOUTH SERVICES COMMITMENT, WHEN HIS PRIOR RECORD SUGGESTED ALTERNATIVE SERVICES, AND NO PROFESSIONAL ASSESSMENT WAS MADE AT THE REQUEST OF JEFFREY'S COUNSEL."
 I, II, III, IV {¶ 9} Appellant attacks the sufficiency and weight of the evidence in his adjudication of delinquency for burglary and arson.
 {¶ 10} On review for sufficiency, a reviewing court is to examine the evidence at trial to determine whether such evidence, if believed, would support a conviction. State v. Jenks (1991), 61 Ohio St.3d 259. On review for manifest weight, a reviewing court is to examine the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine "whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." State v. Martin (1983), 20 Ohio App.3d 172, 175. See also, State v. Thompkins, 78 Ohio St.3d 380, 1997-Ohio-52. The granting of a new trial "should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction." Martin at 175.
 BURGLARY {¶ 11} Appellant claims the evidence failed to establish that any person other than an accomplice was present or likely to be present at the time of the offense. We disagree.
 {¶ 12} Appellant was found delinquent by reason of committing burglary in violation of R.C. 2911.12(A)(2) which states as follows:
 {¶ 13} "(A) No person, by force, stealth, or deception, shall do any of the following:
 {¶ 14} "(2) Trespass in an occupied structure or in a separately secured or separately occupied portion of an occupied structure that is a permanent or temporary habitation of any person when any person other than an accomplice of the offender is present or likely to be present, with purpose to commit in the habitation any criminal offense."
 {¶ 15} Appellant argues there was no evidence that a person was likely to be present in the subject residence, 1112 Beckman Street SE, Massillon, Ohio. For the following reasons, we find the evidence was sufficient and credible to establish a person was likely to be present at the time of the offense.
 {¶ 16} The homeowner, Karma Brown, was temporarily living in a domestic violence shelter. T. at 52. She was awaiting the apprehension of her fugitive ex-husband. T. at 53. While she was at the shelter on the day of the offense, her furniture and personal belongings remained in the house. T. at 52. Ms. Brown had left all of her belongings, secured the house and turned off the gas, but it was summer time. T. at 53-55. Although she had been in the shelter for two weeks, she went back to her home to retrieve some items. T. at 56-57. She always intended to return once her ex-husband was arrested. T. at 61, 64. Ms. Brown's children attended school within a fifteen minute walking distance from the house however, as previously noted, it was summer time. T. at 62. Mr. Brown stated the only time she would not have returned to her home would have been at darkness because of her fear of her ex-husband. T. at 63-64.
 {¶ 17} From the totality of the evidence, we find the facts are sufficient to meet the burden of "likely to be present." In State v.Holt (1969), 17 Ohio St.2d 81, 86, the Supreme Court of Ohio has defined "likely" as follows:
 {¶ 18} "In the case of Robards v. Kansas City Public Service Co.,238 Mo.App. 165, 170, 177 S.W.2d 709, 712, it is said in the opinion:
 {¶ 19} "`* * * that the word "likely" is not equivalent to the words "reasonably certain"; that "reasonably certain" is a stronger expression than the word "likely".'
 {¶ 20} "It has also been held that in law `likely' means something less than `probable.' Conchin v. El Paso Southwestern Rd. Co.,13 Ariz. 259, 264, 108 P. 260, 262, 28 L.R.A., N.S., 88, 91, and Blainev. State, 196 Miss. 603, 609, 17 So.2d 549, 550. Compare Howard v.State, 108 Ala. 571, 577, 18 So. 813, 816, where it was held that charges using the words `likely' and `likelihood' as a substitute for `probable' and `probability' were properly refused to avoid misleading and confusing the jury."
 {¶ 21} Further, in State v. Green (1984), 18 Ohio App.3d 69, 72, our brethren from the Tenth District found a person "is likely to be present when a consideration of all the circumstances would seem to justify a legal expectation that a person could be present."
 {¶ 22} It was likely that Ms. Brown would return to her home to retrieve items as she had done before or she would return permanently after the apprehension of her ex-husband.
 {¶ 23} Based upon the foregoing, we find appellant's adjudication of delinquency for burglary was not against the sufficiency or manifest weight of the evidence.
 ARSON {¶ 24} Appellant was found delinquent by reason of committing arson in violation of R.C. 2909.02(A)(2) which states as follows:
 {¶ 25} "(A) No person, by means of fire or explosion, shall knowingly do any of the following:
 {¶ 26} "(2) Cause physical harm to any occupied structure."
 {¶ 27} Appellant argues his statements to the police were involuntary and unreliable. Appellant further argues the adjudication for delinquency cannot stand because his statements conflicted with the testimony of the fire investigator.
 {¶ 28} Any issue on the voluntariness of appellant's statements was not preserved for review as a motion to suppress was not filed pursuant to Crim.R. 12(G).
 {¶ 29} Massillon Fire Safety Inspector Randy Stuck testified the fire started in the area of the couch in front of a window. T. at 130. Appellant told police he reached in through a broken window, pulled the curtains out and set them on fire. T. at 108. We fail to find this statement contradicts the investigator's testimony.
 {¶ 30} Based upon the foregoing, we find appellant's adjudication of delinquency for arson was not against the sufficiency or manifest weight of the evidence.
 {¶ 31} Assignments of Error I, II, III and IV are denied.
 V {¶ 32} Appellant claims the trial court erred in committing him to the Department of Youth Services when his prior record suggested alternative services were available. We disagree.
 {¶ 33} A dispositional order in a juvenile criminal case lies in the trial court's sound discretion. R.C. 2152.19(A). "Abuse of discretion" has been defined by the Supreme Court of Ohio as "more than an error of law or of judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." State v. Adams (1980),62 Ohio St.2d 151, 157-158.
 {¶ 34} Clearly appellant was adjudicated delinquent as a result of the commission of two felony charges:
 {¶ 35} "In fact I agree with one of the things you just said and that is that Jeff is a child of the system and certainly we all do bear some responsibility for these children. However the Court also finds that Jeff is a menace to this community and this community also needs to be protected and I'm mindful of that responsibility as well." T. at 198.
 {¶ 36} Upon review, we find the trial court did not err in its commitment of appellant.
 {¶ 37} Assignment of Error V is denied.
 {¶ 38} The judgment of the Court of Common Pleas of Stark County, Ohio, Juvenile Division is hereby affirmed.
Farmer, J. Gwin, P.J. and Hoffman, J. concur.
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Stark County, Ohio, Juvenile Division is affirmed.