## JULIUS L. KUHL v. UNITED STATES HEALTH & ACCIDENT INSURANCE COMPANY OF SAGINAW.[1]

September 9, 1910.

Nos. 16,383—(164).[2]

**Complaint — demurrer.**

A demurrer to a complaint seeking to charge the master with liability for a slander published by the servant "in the course and in the scope of his employment" is overruled, without expression of opinion on the merits.

Action in the district court for Ramsey county on six causes of action to recover $30,000 for slander. From an order, Kelly, J., sustaining defendant's demurrer to the amended complaint, plaintiff appealed. Reversed.

*John P. Kyle* and *James Mattimore,* for appellant.

*Lawler & Lyons,* for respondent.

[1]Reported in 127 N. W. 628.          [2]October, 1909, term calendar.

JAGGARD, J.

Plaintiff and appellant brought this action against defendant and respondent insurance company to recover damages because of the publication of certain words by its agent and servant, who was then "acting in the course of his employment" and who was then "actually transacting the business of said defendant with its policy holders therein within the scope of his employment." Defendant demurred. The trial court sustained the demurrer. This appeal was taken from its order to that effect.

The objections to the complaint were that the allegation of utterance by the defendant acting in the scope and course of his employment was an allegation of a conclusion of law and not of an issue of fact, that the slander did not appear to have been authorized or ratified by defendant, and that the complaint did not set forth the circumstances out of which the alleged slander arose, nor any facts showing a duty owed by defendant to plaintiff.

We are clear that the order must be reversed. The terms "scope of employment" and "course of employment" are now generally regarded as conclusions of fact, like "negligence." Under current liberal rules of pleading, the complaint contained an allegation sufficient on this point to justify the admission of evidence. It is wholly immaterial that neither the original authority nor subsequent ratification by the master appeared. The liability of a master for a wrong done by his servant in course of the employment may exist, in the absence of any authorization or ratification. It was not necessary, as against a demurrer, to state the particular circumstances under which the slander was published, in order to make the master responsible therefor. If plaintiff wanted more definite information, the usual motions were available. In other words, we regard this question as one rather of practice than of principle. It is clear, without controversy, that a corporation may be liable for slander by its servants. We are not prepared to hold as a matter of law that no slander which the servant could publish in the course of his employment, or within the scope of his employment, would impose liability on the master; nor do we hold that the master can be held liable for such an act done merely within the scope or course of em-

ployment. It would be idle for us to indulge in conjecture, and try to imagine a case in which such results might possibly follow. Vukelis v. Virginia Lumber Co., 107 Minn. 68, 119 N. W. 509. We would be deciding a hypothetical case academically, for on trial no such case might be proved. The demurrer presents a moot controversy.

Without any expression of opinion as to the merits, the order is reversed.