Argued October 7, decided October 21, rehearing denied December 16, 1913.

# PACIFIC PAPER CO. *v.* PORTLAND.[*]

(135 Pac. 871.)

**Municipal Corporations—Liability for Negligence—Governmental and Corporate Powers.**

1. A municipal corporation has a private, proprietary function and a governmental function as an agent of the state, and, when exercising its governmental function in good faith, it is exempt from liability for damages, but, when exercising its private or corporate powers, it is liable in damages for the negligence of its officers or employees, especially in view of Section 358, L. O. L., authorizing actions against municipal corporations in their corporate character and within the scope of their authority.

**Municipal Corporations—Liability for Negligence—Governmental and Corporate Powers.**

2. A system of waterworks operated for profit by a city belongs to it in its private rather than in its governmental character, and it is

---

[*]On the question of municipal liability for tort in connection with waterworks system, see notes in 61 L. R. A. 58 and 25 L. R. A. (N. S.) 239. And upon the liability of a municipality operating a waterworks system, for breach of duty to consumer, see note in 42 L. R. A. (N. S.) 286.                         REPORTER.

liable as a private proprietor would be for its negligent construction or maintenance.

[As to liability of municipal corporation for negligence in constructing or operating waterworks, see note in Ann. Cas. 1912A, 220.]

**Municipal Corporations—Liability for Negligence—Governmental and Corporate Powers.**

3. A city was liable for the negligent construction and maintenance of a water-main maintained and used for fire protection, but which was connected with the general water system of the city used to supply water for domestic purposes and sale, and from which some water passed into other mains, and was delivered to private consumers, where, under the instructions, the jury necessarily found that it was a part of the general water system of the city, receiving its supply from the same source as the other mains, that the care necessary in its construction and maintenance was governed to some extent by the force it received from such system, and that they were unable to detach it from such system.

**Municipal Corporations—Torts—Actions—Instructions.**

4. In an action against a city for negligent construction and maintenance of a water-main, instructions submitting the questions of whether the main was maintained as a part of the water system of the city for the purpose of receiving revenue from those needing water, or whether it was used exclusively for fire purposes, were as favorable to the city as it could reasonably expect, and the refusal of an instruction that it was not liable, although some water passed from such main into other mains, and reached private consumers, was not error.

From Multnomah: HENRY E. McGINN, Judge.

En Banc.    Statement by MR. JUSTICE BEAN.

This is an action by the Pacific Paper Company, a corporation, against the City of Portland, to recover damages sustained by reason of the negligence of the defendant which caused the bursting of a water-main at Fourth and Ankeny Streets in the City of Portland. The cause was tried before a jury, which found a verdict against the city in the sum of $675.  From a resulting judgment, the defendant city appeals.

The main is described as a 24-inch pipe constructed in Fourth Street, and leading from the reservoir in City Park at about 200 feet above the point where the main crosses Ankeny Street.  It was connected with a 24-inch main in Jefferson Street, and a 20-inch main in

Davis Street. The city defends upon the ground, among others, that the main was laid, maintained and used for governmental purposes, namely, for protection against fire. It is shown by the testimony that another water-main existed in Fourth Street on the easterly side, which was tapped for domestic use; that the main in question was used for the purpose of supplying water for fire protection, but was connected with the system of the city which received its supply of water from Bull Run River, which water was sold to the people of the city for domestic use; that the main was connected with several hydrants, which were at all times kept closed and not used except in case of fire, but that some water circulated through said main and into others which were laid and maintained for the purpose of supplying water for domestic use.

AFFIRMED.

For appellant there was a brief over the names of *Mr. Lyman E. Latourette* and *Mr. Frank S. Grant,* City Attorney, with an oral argument by *Mr. Latourette.*

For respondent there was a brief with oral arguments by *Mr. John Van Zante* and *Mr. Albert H. Tanner.*

MR. JUSTICE BEAN delivered the opinion of the court.

The assignments of error relied upon by the defendant city present but one question, namely: Is the city liable for damages caused by the bursting of a water-main, which is maintained and used for fire protection, when it appears that the main is connected with the general water system of the city used to supply water for domestic purposes and sale, and that water sufficient to fill a 6-inch pipe passed from this main into

other mains, and was there delivered to private consumers?

The city requested the court to instruct the jury upon this point, that the city would not be liable, although it appeared that some water might pass from this main into other mains and reach private consumers. The court did not instruct the jury as requested, but plainly submitted the following questions: Was the city maintaining the main as a part of the water system of the City of Portland for the purpose of receiving revenue from those who might need its water? Or was it engaged in using this water-main exclusively for fire purposes? The court instructed the jury that the burden was upon the plaintiff to show every element necessary to recovery; that it must show that the city was using this water-main for the purpose of profit, or, if it were not using it for profit, that it contemplated getting a profit out of it whenever it could; that the city was negligent; that such negligence was the proximate cause of the injury. Counsel for defendant contend that the city was deprived of its right of exemption as an agency of the state in the exercise of a governmental function.

1. The authorities agree that a municipal government has a double function, first, the private, proprietary function, and, second, the governmental function as the arm or agent of the state. The intermingling of these two functions has caused the courts some difficulty in determining the boundary line separating the two. There is no conflict upon the proposition that the city, when exercising a governmental function in good faith, is exempt from liability for damages, and, when exercising its private or corporate powers, it is liable to respond in damages for the negligence of its officers or employees.

2. Section 358, L. O. L., provides that an action may be maintained against a municipal corporation of this

state in its corporate character, and within the scope of its authority, for an injury to the rights of the plaintiff arising from some act or omission of such corporation. The case of *Esberg Cigar Co.* v. *City of Portland,* 34 Or. 282 (55 Pac. 961, 75 Am. St. Rep. 651, 43 L. R. A. 435), establishes the rule in this state that a system of waterworks operated for profit by a city belongs to the municipality in its private rather than in its public or governmental character, and the city is liable as a private proprietor would be for the negligent construction or maintenance thereof. At page 290 of 34 Or., at page 963 of 55 Pac. of the opinion, Mr. Justice BEAN uses this language: "It is quite universally held that, when a municipal corporation voluntarily undertakes to construct and maintain water or gas works in pursuance of statutory authority, for the purpose of supplying the inhabitants thereof with water or gas at rates established by the city, it is liable for an injury in consequence of its acts in constructing and maintaining such works the same as a private corporation or individual. 'A municipal corporation, owning waterworks or gasworks which supply private consumers on the payment of tolls,' says Mr. Dillon, 'is liable for the negligence of its agents and servants the same as like private proprietors would be': Dillon, Mun. Corp., § 954." Further in the opinion he quotes with approval from the case of *Western Saving Fund Soc.* v. *City of Philadelphia,* 31 Pa. 183 (72 Am. Dec. 730), as follows: "Blending the two powers in one grant does not destroy the clear and well-settled distinction, and the process of separation is not rendered impossible by the confusion. In separating them, regard must be had to the object of the legislature in conferring them. If granted for public purposes exclusively, they belong to the corporate body in its public, political, or municipal character. But, if the grant was for purposes of private advantage and

emolument, though the public may derive a common benefit therefrom, the corporation *quoad hoc* is to be regarded as a private company": See, also, *Giaconi* v. *Astoria,* 60 Or. 12 (113 Pac. 855, 118 Pac. 180); 3 Dillon, Municipal Corp. (5 ed.), § 1303; 1 Shear. & Red., Neg., §§ 281, 282.

3, 4. We see nothing in the facts of this case to take it out of the general rule. It is alleged, and the testimony tends to show, and the jury by their verdict found, that the water-main was negligently constructed, inspected and used. We think the instructions given by the court upon this question were as favorable to the city as could be reasonably expected. According to the verdict, this water-main was constructed and maintained as a part of the general water system of the City of Portland, receiving its supply from the same source, and connected with the other mains, and the care necessary in the construction and maintenance thereof was governed to a certain extent by the force which it received from the water system, and which the main was required to withstand. The jury found in effect that the water-main in question was as much a part of the system as any other main, and evidently believed that, inasmuch as water seeks its level, and the main was used in connection with the city water system, they were unable to detach it from such system.

Finding no error in the record, the judgment of the lower court is affirmed.

Affirmed: Rehearing Denied.

Mr. Justice Moore dissents.