(No. 6167.   April 19, 1935.)

GEORGE ELDRIDGE, Respondent, v. BLACK CANYON IRRIGATION DISTRICT and HENRY W. JORDAN, Appellants.

[43 Pac. (2d) 1052.]

Thos. E. Buckner, for Appellants.

S. Ben Dunlap and George Donart, for Respondent.

MORGAN, J.—Black Canyon Irrigation District, hereinafter called the district, and Henry W. Jordan have appealed from a judgment against them in favor of George Eldridge, for damages because of personal injuries alleged to have been wilfully and maliciously inflicted on the latter by Jordan in the course of his employment by the district. The district has also appealed from an order overruling its motion for judgment notwithstanding the verdict.

Appellants applied to the district court for a postponement on the ground that one of their attorneys was absent from the state and would not return in time to participate in the trial. The postponement was denied and the order denying it is assigned as error.

The application was addressed to the discretion of the judge, and his ruling will not be disturbed on appeal in

the absence of abuse thereof. (*Rankin v. Caldwell*, 15 Ida. 625, 99 Pac. 108.) The record shows that, after the complaint was filed, one of appellants' attorneys departed from the state and was not expected to return and, so far as is disclosed, did not return until after the time fixed for the trial. Appellants had counsel, other than the absent attorney, and were ably represented throughout the course of the litigation. The denial of the application for postponement was not an abuse of discretion.

The district insists that it, being brought into existence for the purpose of exercising governmental powers, is not liable for wrongful and malicious acts of its agents. In support of this contention it cites, among other cases, *Doyle v. City of Sandpoint*, 18 Ida. 654, 112 Pac. 204, Ann. Cas. 1912A, 210, 32 L. R. A., N. S., 34, wherein Doyle sought damages against the city for having caused an injunction to be issued restraining him from making use of a building which he owned. No undertaking was required of the city because it was exempted therefrom by our statute relating to the issuance of injunctions in suits by certain classes of litigants. It was held that no recovery could be had for damages for the wrongful issuance of an injunction, in a suit by a litigant not required to give an undertaking, unless the procuring of the injunction was malicious and without probable cause. This court in that case said:

"In the present case, the action is not prosecuted on the grounds of malice, but the suing out of the writ of injunction and continuing it in force from the time of its issuance is alleged as the cause of the damage, and the damages demanded are the usual damages allowed and recoverable under the statutory undertaking. It is clear that such an action cannot be maintained."

Having so held, the court further said:

"Now, if the plaintiff had commenced this action charging the city of Sandpoint with having procured the injunction maliciously and without probable cause, he would, it seems to us, fail, for the reason that the municipality could not be guilty of procuring a writ of injunction maliciously.

If the officers of the city acted maliciously and without probable cause in suing out the writ, the act would be that of the individuals and not of the municipality. To act maliciously would be outside of the scope of official duty and authority and would become the personal act of the individual for which he and not the city would be responsible.''

The quotation last above appearing is relied on by the district in support of its contention. That statement was not necessary to a decision of *Doyle v. Sandpoint* and is subject to the rule announced in the first section of the syllabus to *Bashore v. Adolf,* 41 Ida. 84, 238 Pac. 534, 41 A. L. R. 932, as follows:

''Judicial opinions are authoritative only on the facts on which they are founded, and general expressions must be considered and construed in the light of this rule.''

The nature of an irrigation district is discussed in *Lewiston Orchard Irr. Dist. v. Gilmore,* 53 Ida. 377, 23 Pac. (2d) 720, and the Idaho cases on that subject will be found therein assembled. From these cases it will be seen that an irrigation district, while exercising certain governmental powers, is brought into existence for the private benefit of the owners of land within its limits; that it owns and operates its irrigation system in a proprietary rather than a public capacity, and assumes and must bear the burdens of property ownership.

Discussing the liability of municipalities for the torts of their agents, the Supreme Court of North Carolina, in *Munick v. Durham,* 181 N. C. 188, 106 S. E. 665, 24 A. L. R. 538, said:

''The distinction is very broad and clear and is settled by all the authorities substantially as follows: Wherever a city is exercising a governmental function or police power, it is not responsible for the torts or negligence of its officers, in the absence of a statute imposing such liability; but when it is acting in its business capacity, as in operating a water or lighting plant, or other business function, it is liable for the conduct of its agents and servants exactly to the same

extent that any other business corporation would be liable under the same circumstances.''

That rule applies with equal force to public organizations other than cities, which exercise governmental powers, including irrigation districts. (*Noon v. Gem Irrigation District*, 205 Fed. 402; *City of Nampa v. Nampa etc. Irr. Dist.*, 19 Ida. 779, 115 Pac. 979; *Strickfaden v. Green Creek Highway Dist.*, 42 Ida. 738, 248 Pac. 456, 49 A. L. R. 1057.)

This appeal presents a question of fact as to whether Jordan, when he struck respondent, was acting in his capacity as employee of the irrigation district or in his individual capacity with respect to a matter about which his employer had no concern.

It was established at the trial that Jordan was the district's superintendent and it was his duty to keep its canal in repair and protect it from damage; that respondent was an employee on an irrigated farm which bordered on the canal; that at one point on the farm the bank was high and there was a crack in the ground which ran parallel to the canal, and near the high bank, a distance of between 50 and 60 feet; that there was a tendency for the earth at that point to slide into the canal in such quantities as to dam it and interrupt the delivery of water through it and to endanger property adjoining it on the lower side; that this danger was enhanced by waste water flowing into the canal from the land on which respondent was employed; that, in the discharge of his duty to his employer, Jordan went to the point on the canal where the danger was threatened and called respondent to the canal bank, from the house on the farm where the latter was employed, for the purpose of prevailing on him to keep the waste water out of the canal, and that during the conference, and as a result of it, Jordan assaulted, struck and beat respondent, causing the injuries for which the judgment appealed from was awarded.

In Cooley on Torts (3d ed.), 1023, the rule is stated thus:

"If the servant, wholly for a purpose of his own, disregarding the object for which he is employed, and not intending by his act to execute it, does an injury to another

not within the scope of his employment, the master is not liable.

"But it is in general sufficient to make the master responsible that he gave to the servant an authority, or made it his duty to act in respect to the business in which he was engaged, when the wrong was committed, and that the act complained of was done in the course of his employment. The master, in that case will be deemed to have consented to and authorized the act of the servant, and he will not be excused from liability, although the servant abused his authority, or was reckless in the performance of his duty, or inflicted an unnecessary injury in executing his master's orders. The master who puts the servant in a place of trust or responsibility, or commits to him the management of his business, or the care of his property, is justly held responsible when the servant, through lack of judgment or discretion, or from infirmity of temper, or under the influence of passion aroused by the circumstances and the occasion, goes beyond the strict line of his duty or authority, and inflicts an unjustifiable injury upon another."

See, also, *Ploof v. Putnam,* 83 Vt. 252, 75 Atl. 277, 138 Am. St. 1085, 26 L. R. A., N. S., 251; *Roberts v. Southern R. Co.,* 143 N. C. 176, 55 S. E. 509, 10 Ann. Cas. 375, 8 L. R. A., N. S., 798; *Milton v. Missouri P. R. Co.,* 193 Mo. 46, 91 S. W. 949, 4 L. R. A., N. S., 282; *Quinn v. Power,* 87 N. Y. 535, 41 Am. Rep. 392; *Eichengreen v. Louisville & N. R. Co.,* 96 Tenn. 229, 34 S. W. 219, 54 Am. St. 833, 31 L. R. A. 702; *Northwestern R. Co. v. Hack,* 66 Ill. 238; *Rounds v. Delaware, Lackawanna & Western R. Co.,* 64 N. Y. 129, 21 Am. Rep. 597; *Rogahn v. Moore Manufacturing & Foundry Co.,* 79 Wis. 573, 48 N. W. 669; *New Ellerslie Fishing Club v. Stewart,* 123 Ky. 8, 93 S. W. 598, 9 L. R. A., N. S., 475; *Johnston v. Chicago, St. P., M. & O. Ry. Co.,* 130 Wis. 492, 110 N. W. 424; *Barrett v. Minneapolis St. P. & S. Ste. M. R. Co.,* 106 Minn. 51, 117 N. W. 1047, 130 Am. St. 585, 18 L. R. A., N. S., 416; *Cochin v.*

*El Paso & S. W. R. Co.,* 13 Ariz. 259, 108 Pac. 260, 28 L. R. A., N. S., 88.

In *Ruppe v. City of Los Angeles,* 186 Cal. 400, 199 Pac. 496, the Supreme Court of California said:

"It is, however, wholly immaterial whether or not the assault was authorized by the city, or was committed by Nealon in violation of his instructions. It is plain enough that it was committed by him in the course of doing that which he had been sent to the building by the city to do, and in furtherance of its doing; that it was, in other words, an act done by him in the course of his employment. The rule is elementary that a master is responsible for the acts of his servant done in the course of his employment, even though those acts be unauthorized or contrary to the master's explicit instructions. As between the master and third persons, the acts of the servant, done as a part of the doing of that which he is employed to do, are as if done by the master himself, and the question of authority as between the master and servant to do the particular acts is quite immaterial."

There is conflict in the evidence as to what prompted the assault. The testimony of respondent is to the effect that, during the conference about the waste water and the condition of the canal bank, Jordan struck him apparently without provocation. Jordan testified to a threatening attitude by respondent and insisted he struck the latter in self-defense. With respect to his mental attitude toward respondent he testified:

"Q. Did you use any kind of abusive language?

"A. No, sir. I wasn't sore at all; I wasn't a bit sore; I had nothing to be sore about. I thought if he was a reasonable man I could get him to do something with that waste water."

██ Whether Jordan acted in self-defense or not was a question for the jury. By its verdict it rejected that defense. It was also a question for the jury to decide whether he acted within the scope of his employment in committing the assault, or stepped aside from his line of duty and com-

mitted it pursuant to some purpose of his own and independent of his employment. (*Scrivner v. Boise Payette Lumber Co.*, 46 Ida. 334, 268 Pac. 19; *Anderson v. International Harvester Co.*, 104 Minn. 49, 116 N. W. 101, 16 L. R. A., N. S., 440.)

In *Daniel v. Petersburg R. Co.*, 117 N. C. 592, 23 S. E. 327, 4 L. R. A., N. S., 485, it is said:

"No decisive test can be given; but in all cases the question whether the act was committed by the servant in the service of his employer, or for his own purpose, is one for the jury, in view of all the circumstances."

These questions were submitted to the jury by proper instructions, and its verdict will not be disturbed.

The judgment and order overruling the motion for judgment notwithstanding the verdict are affirmed. Costs are awarded to respondent.

Givens, C. J., and Holden, J., concur.

Budge and Ailshie, JJ., dissent.