303 P.2d 667

Ray E. LUNDAHL, Plaintiff-Appellant,

v.

CITY OF IDAHO FALLS, a municipal corporation, Defendant-Respondent.

No. 8484.

Supreme Court of Idaho.

Oct. 30, 1956.

Rehearing Denied Dec. 4, 1956.

John Ferebauer, Idaho Falls, for appellant.

340

Albaugh, Bloem, Barnard & Smith, Idaho Falls, Richards, Haga & Eberle, Boise, for respondent.

the construction of a sewer in Special Improvement District No. 23 with Coleman Plumbing & Heating Company, a co-partnership, such construction to include the installation of a sewer line along such public alley adjacent to appellant's garage. That such contract provided for an inspection of the work and materials by respondent.

That on or about the 2nd day of November, 1953, the Coleman Plumbing & Heating Company and their agents, while engaged in excavating for the purpose of sewer construction in said public alley, negligently, recklessly and carelessly, exploded large quantities of explosives at a point in said alley approximately eight feet from the south wall of such garage and "thereby produced great and violent concussions and vibrations of the earth and air which shoot the said land and said building of the plaintiff and the air above and around them and caused great injury to the lava substrata underlying said land and building by cracking and breaking same, and causing great injury to the foundation of said building and whole superstructure, including its walls, windows, ceilings and chimneys, and rendered the same unsafe and uninhabitable. That such carelessness, recklessness and negligence of the defendant was as follows:

"1. Using dynamite in blasting to a greater extent than reasonably necessary.

PORTER, Justice.

The allegations in appellant's amended complaint pertinent on this appeal are generally as follows: That appellant is the owner of certain lots in the City of Idaho Falls and the garage building located thereon, and that there is a public alley immediately adjacent to such garage. That on or about the 22nd day of July, 1952, respondent entered into an employment contract for

"2. Using excessive and unduly heavy charges of dynamite in blasting and not protecting it in such a manner as not to damage plaintiff's said property.

"3. Failure to take proper care with regards to the place and surroundings of the blasting complained of.

"4. Failure to take the usual precautions to prevent injury to plaintiff's said property from blasting.

"5. Failure to utilize recongized and available methods of blasting to protect plaintiff's said property.

"6. Failure to use a different method of blasting after warnings and notice of damage to plaintiff's said property."

And that on November 2, 1953, and prior to the above mentioned explosion, appellant advised the Mayor and City Engineer of the City of Idaho Falls of the negligent, careless and reckless manner in which the Coleman Plumbing & Heating Company was conducting the removal and blasting of lava rock in the alley adjacent to such garage, and asked that said blasting be stopped until such operations could be conducted in a manner so as not to endanger plaintiff's property; but that said Mayor and City Engineer of respondent refused to stop the Coleman Plumbing & Heating Company from continuing said blasting.

Respondent filed a demurrer to the amended complaint containing both a general and special demurrer. After a hearing on the demurrer the court entered an Order and Judgment of Dismissal wherein it was ordered and adjudged that defendant's demurrer to plaintiff's amended complaint be sustained, and that said action be and is dismissed. It is apparent that such order and judgment were directed to the general demurrer. No leave to amend was mentioned or granted and nothing was said in such order concerning the special demurrer. From such judgment of dismissal, appeal has been taken to this court.

The questions to be considered on this appeal are: First, whether or not a municipality is liable for the torts of its officers and employees committed in the construction of a sewer system; and Second, does such liability, if any, include torts committed by an independent contractor? The principles involved are succinctly set out in McQuillin on Municipal Corporations, (3rd Ed.) Vol. 18, pp. 488–492, as follows:

"Although the contrary has also been held by many judicial judgments, which announce that, in performing such function, a city acts in a governmental capacity, it is generally held that a municipality in constructing and maintaining drains and sewers acts in its corporate and ministerial capacity, and, therefore, is liable for negligence

resulting in injury relating thereto. * * * A municipality is responsible for damages which accrue to individuals and corporations through negligence in the construction, maintenance or operation of its system of sewers because that system when constructed becomes the property of the municipality and must be so used as not to damage persons or property. This corporate duty imposed upon the municipality cannot be avoided, shifted or cast upon another as by contracting with some third person to perform this municipal obligation."

█ It is established in this jurisdiction that a municipality, in the absence of a statute imposing liability, is not liable for the torts of its officers and employees when exercising a governmental function and is liable when acting in a proprietary capacity. In Strickfaden v. Greencreek Highway District, 42 Idaho 738, at page 750, 248 P. 456, at page 458, 49 A.L.R. 1057, the rule was set out as follows:

"It is well recognized that there are two kinds of duties imposed or conferred upon municipal corporations; those termed public governmental functions, where the municipality performs certain duties as an agent or arm of the state, and those other municipal activities which are sometimes termed administrative, ministerial, corporate, private, or proprietary functions, performed for the municipality's own benefit, or for the benefit of its citizens, and, while acting in the performance of its governmental functions or in a public capacity as an arm or agency of the state, the municipality is not liable for its failure to exercise these powers or for their negligent exercise, unless such liability has been imposed by statute."

See Boise Development Co. v. Boise City, 30 Idaho 675, 167 P. 1032; Henderson v. Twin Falls County, 56 Idaho 124, 50 P.2d 597, 101 A.L.R. 1151; Hooton v. City of Burley, 70 Idaho 369, 219 P.2d 651; Bingham v. Board of Education of Ogden City, Utah, 223 P.2d 432; Ramirez v. Ogden City, 3 Utah 2d 102, 279 P.2d 463, 47 A.L.R. 2d 539; Davis v. Provo City Corp., 1 Utah 2d 244, 265 P.2d 415; Burnett v. City of San Diego, 127 Cal.App.2d 191, 273 P.2d 345, 47 A.L.R.2d 1079.

Some differences arise between the authorities as to liability in specific cases by reason of different definitions of what constitutes a governmental function. In Ramirez v. Ogden City, supra, Headnote 4 sets out one test as to whether an activity is governmental, and reads as follows:

"A 'governmental function,' as to which municipality is immune from tort liability, must be something done or furnished for the general public good, and whether there is special pe-

cuniary beneficial profit to municipality and whether activity is of such a nature as to be in real competition with free enterprise are facts to be considered."

In this jurisdiction the definition of governmental functions was set out in Boise Development Co. v. Boise City, supra [30 Idaho 675, 167 P. 1034], as " 'legal duties imposed by the state upon its creature, which it may not omit with impunity but must perform at its peril. * * * They are all imposed by statute, and are necessarily mandatory or peremptory functions. * * *' " This definition of governmental functions of a municipality has been followed in Youmans v. Thornton, 31 Idaho 10, 168 P. 1141; Crane v. City of Harrison, 40 Idaho 229, 232 P. 578, 38 A.L.R. 15; Stephenson v. Pioneer Irrigation District, 49 Idaho 189, 288 P. 421, 69 A.L.R. 1225; Henderson v. Twin Falls County, supra.

Boise Development Co. v. Boise City, supra, holds that the grant to the City of Boise of power or authority to maintain a public park enjoins no absolute duty upon the City to do so, but merely confers the privilege by extending the lawful corporate authority of the city in such case, and that the care and maintenance of parks is primarily a private as opposed to a governmental function. While authority is granted to municipalities to construct and maintain sewers, there has been no constitutional or statutory provision brought to our attention requiring and making it mandatory for cities to construct sewer lines.

Barker v. City of Santa Fe, 47 N.M. 85, 136 P.2d 480, on pages 482, 483, contains an excellent discussion of this question wherein it is said, as follows:

"We find from an examination of our statutes that municipalities have *authority* to build and maintain sewers but there is no imperative legislative command that they do so. Such facilities do not pertain to the administration of government, to say the least, not to state government. See City of Waco v. Branch, 117 Tex. 394, 5 S.W. 2d 498. It can hardly be said that a municipality in the construction and maintenance of a sewer system acts for the state-wide public generally. It is a local improvement and is paid for generally by local assessments on the theory of benefits to the properties served and the owners and users thereof."

See also, 38 Am.Jur., Municipal Corporations, p. 330, sec. 629, and p. 334, sec. 633.

In this jurisdiction municipalities have been generally held liable for negligence in the construction and maintenance of drainage and sewer systems and in other activities which the municipalities are empowered but not required to carry out.

In Wilson v. Boise City, 6 Idaho 391, 55 P. 887, Boise City constructed an artificial canal, changing and diverting the course of the waters of Cottonwood Creek through the City of Boise. The city was held liable for constructing such artificial channel of insufficient size to carry such waters whereby the property of others was damaged. In Willson v. Boise City, 20 Idaho 133, 117 P. 115, 36 L.R.A.,N.S., 1158, the same artificial channel was involved and again the city was held liable for damages.

In Dunn v. Boise City, 48 Idaho 550, 283 P. 606, the city had undertaken to channel the waters of Sand Creek through the City of Boise. The city was held liable for damages arising from failure to keep such channel in repair.

In Boise Development Co. v. Boise City, supra, the City of Boise, in the maintenance of a public park diverted the waters of Boise River, causing damage to the land of third parties. The city was held liable for such damage.

In Henderson v. Twin Falls County, supra, a county hospital, built primarily to care for indigent patients, was held to be acting in a proprietary capacity in the treatment of pay patients and was held liable for injury resulting from negligent treatment.

In Schmidt v. Village of Kimberly, 74 Idaho 48, 256 P.2d 515, in considering a combined water and sewer system, we held

that the municipality, in the building and operation thereof, was acting in a proprietary capacity.

In Boise Development Co. v. Boise City, 30 Idaho 675, at page 690, 167 P. 1032, at page 1035, it is said:

"Nor does the city's liability in such cases rest solely upon the narrow ground of negligence, but rather upon the broad legal principle that no one is permitted to so use his own property as to invade the property rights, or cause injury or damage to the property, of another."

It will be noted that in Wilson v. Boise City, 6 Idaho 391, 55 P. 887; Dunn v. Boise City, supra; Splinter v. City of Nampa, 70 Idaho 287, 215 P.2d 999, 17 A.L.R.2d 665 and McGrath v. Basich Bros. Const. Co., 7 Cal.App.2d 573, 46 P.2d 981, reference is made to the same principle.

In this jurisdiction a municipality must be held to be liable for the torts of its officers and employees committed in the construction of a sewer system.

Respondent urges that although it be granted respondent would be liable in the construction of its sewer system for the negligence of its officers and employees, the amended complaint in this action shows that the Coleman Plumbing & Heating Company was an independent contractor and that the municipality would not be lia-

ble for the torts of such independent contractor. Blasting in a populated area and in the vicinity of buildings is dangerous and hazardous and if not done with adequate and proper precautions and by proper means and methods, becomes a nuisance. Colton v. Onderdonk, 69 Cal. 155, 10 P. 395; Munro v. Pacific Coast Dredging & Reclamation Co., 84 Cal. 515, 24 P. 303; McGrath v. Basich Bros. Const. Co., supra; Alonso v. Hills, Cal.App., 214 P.2d 50. The allegations in the amended complaint are that the blasting was being done in such a negligent manner as to create a nuisance and that the respondent, through its proper officers, was notified of such condition and refused to remedy the same. Under such conditions, the city cannot escape liability because the work was being done by an independent contractor.

In 27 Am.Jur., Independent Contractors, p. 512, sec. 33, the rule is laid down as follows:

"* * * On the other hand, the position has been taken, in some jurisdictions, that the employer is bound to adopt preventive or remedial measures whenever he is informed that the contractor is resorting to a method of work which constitutes a nuisance or that dangerous conditions of a more or less permanent nature have been created in the course of the work. The propriety of holding the employer liable is especially clear where the nuisance complained of is one created on premises over which he continues, during the progress of the work, to exercise control concurrently with the contractor. Under such circumstances, the nature and extent of the employer's responsibility is determined by the principle that a person 'must not suffer a nuisance to continue on his premises to the injury of others, although he is not responsible for its creation.' "

See also, Annotation, 30 A.L.R. 1532.

■ The amended complaint of appellant states a cause of action good as against the general demurrer. The various questions raised under the special demurrer were not specifically decided by the trial court and are not presented and discussed by the briefs of counsel. The judgment of dismissal is reversed and the cause remanded to the trial court with instructions to vacate the judgment of dismissal, overrule the general demurrer, decide the questions raised by the special demurrer and to proceed in the premises. Costs to appellant.

TAYLOR, C. J., and KEETON, ANDERSON and SMITH, JJ., concur.