327 P.2d 378

Gwen **GILBERT**, *Blair Gilbert, and Jayne* Gilbert, minors, by and through their guardian Ad Litem Delores Gilbert, and Delores Gilbert, Plaintiffs-Appellants,

v.

**VILLAGE OF BANCROFT,** a Municipal Corporation, Defendant-Respondent.

No. 8627.

Supreme Court of Idaho.

June 26, 1958.

M. B. Clark, Jones, Pomeroy & Jones, Pocatello, for appellants.

Black, Black & Oliver, Pocatello, for respondent.

TAYLOR, Justice.

The allegations of the amended complaint set forth the following state of facts.

Plaintiffs (appellants) Gwen, Blair and Jayne Gilbert are the minor children, and Delores Gilbert is the widow, of Jay Gilbert, deceased. The village of Bancroft is a municipal corporation, existing under the laws of this state. The village owns and operates a water system supplying water to the inhabitants and residents of the village for a monetary consideration. Harrison Crowell was employed by the village in the capacity of water superintendent, and was charged with the responsibility of rendering statements or invoices to the patrons for water purchased from the village. Jay Gilbert was a resident of the village and a user of water from the system maintained by the village. He received certain statements or invoices which were irregular and excessive. He made complaint thereof to Harrison Crowell and to the board of trustees of the village. The board of trustees invited Jay Gilbert to attend a meeting of the village board on December 20, 1954, to determine

the matters in controversy. As a result of, and pursuant to, the invitation and request, Jay Gilbert went to the city hall and to the office of the water superintendent for said meeting. While there he was "without cause or provocation unlawfully" assaulted, "shot and murdered" by Harrison Crowell.

It is further alleged the defendant knew or had reason to believe that Crowell was a man of violent temper and propensities, and that he "was aggravated and vehement about this situation"; that defendant through the members of its board of trustees had knowledge of the fact that Crowell had a feeling of ill will toward Gilbert and that for a period of several months had been aggressively attempting to quarrel with Gilbert about the water charges. Knowing these facts and knowing of the quarrelsome, violent and dangerous disposition of Crowell, the defendant was negligent in inviting Gilbert to the meeting at the city hall, knowing that Crowell would be present, and knowing, or having reason to believe, that trouble would ensue and that Crowell might reasonably be expected to shoot deceased without provocation. That the defendant was negligent in retaining Crowell in its employment; in failing to warn or instruct him to cease and desist further annoyance of Jay Gilbert, and in failing to furnish necessary safeguards and protection.

The complaint also alleges general and special damages and that claim therefor was presented and rejected by the village board.

Motions to strike and demurrer were filed and argued to the court, after which the court entered its order sustaining the demurrer and dismissing the action. From the judgment entered thereon this appeal is prosecuted. The record does not disclose any ruling on the motion to strike or on the special demurrer. In its order the court ruled that the complaint was incapable of further amendment so as to state a cause of action. In this state of the record the issue here is as to whether the complaint states a cause of action as tested by general demurrer.

The principal question presented is the liability of a municipal corporation for the tort of its agent or employee under the facts pleaded.

A municipal corporation, in the ownership, maintenance and operation of a municipal water system supplying water to its inhabitants for pay, acts in a proprietary, not in a governmental, capacity. §§ 50–2802, 50–3415, I.C.; Boise Development Co. v. Boise City, 30 Idaho 675, 167 P. 1032; Hooton v. City of Burley, 70 Idaho 369, 219 P.2d 651; Lundahl v. City of Idaho Falls, 78 Idaho 338, 303 P.2d 667; Pacific Paper Co. v. City of Portland, 68

Or. 120, 135 P. 871; Taylor v. Roosevelt Irr. Dist., 71 Ariz. 254, 226 P.2d 154; 72 Ariz. 160, 232 P.2d 107; Richmond v. City of Norwich, 96 Conn. 582, 115 A. 11; Munick v. City of Durham, 181 N.C. 188, 106 S.E. 665, 24 A.L.R. 538.

In the pursuit of proprietary activities and functions, a municipal corporation is liable for its torts to the same extent and in like manner as is a private corporation. Eaton v. City of Weiser, 12 Idaho 544, 86 P. 541; Strickfaden v. Greencreek Highway Dist., 42 Idaho 738, 248 P. 456, 49 A.L.R. 1057; Henderson v. Twin Falls County, 56 Idaho 124, 50 P.2d 597, 101 A.L.R. 1151 and Annotation 1166; Lundahl v. City of Idaho Falls, 78 Idaho 338, 303 P.2d 667; 18 McQuillin, 3d Ed., Municipal Corporations, § 53.23.

A municipal corporation engaged in a proprietary enterprise is liable for the tortious acts of its agents and employees committed in the scope of their employment in such proprietary enterprise. Eldridge v. Black Canyon Irr. Dist., 55 Idaho 443, 43 P.2d 1052; Murray v. Modoc State Bank, 181 Kan. 642, 313 P.2d 304; Richmond v. City of Norwich, 96 Conn. 582, 115 A. 11; Munick v. Durham, 181 N.C. 188, 106 S.E. 665, 24 A.L.R. 538, Annotation at page 545; 18 McQuillin, 3d Ed., Municipal Corporations, § 53.66.

The rule for determining "scope of employment" was stated in Scrivner v. Boise Payette Lumber Co., 46 Idaho 334, 268 P. 19, as follows:

"* * * It is not enough that the wrongful act was in some way associated with the servant's authorized functions, or that he committed it at a time when he was occupied with the discharge of those functions. If it was not done as a means or for the purpose of performing his work, or in the scope of his employment, the master is not liable. * * *

" 'The test of the employer's liability is not in the fact that the negligent act of the servant was during the existence of his employment; nor is the test that his act was done during the time he was doing some act for his employer. But the test is: Was the act causing the injury done in the prosecution of the master's business?' Jackson v. Chicago, R. I. & P. Ry. Co., 8 Cir., 178 F. 432, 435." 46 Idaho at pages 343–344, 268 P. at page 20.

In 35 Am.Jur., Master and Servant, § 576, it is said:

"The test of the liability of an employer for injuries inflicted by servants with firearms, in cases other than those involving special contractual relationships such as exist between carrier and passenger, where liability is based upon a legal obligation to protect patrons while in its charge from any form of

molestation of its servants, is, as for injuries otherwise inflicted, whether or not the servant was, at the time of the shooting, acting within the scope of his employment or pursuant to authority which had been conferred upon him by the defendant employer, and this depends upon the facts and circumstances of each case. Moreover, it may be said that the conclusion to be drawn from the reported cases is that only in exceptional circumstances is a recovery sustainable, when the action is predicated merely upon the theory of respondeat superior."

Many factors have been considered by the courts in determining what is within "scope of employment", as well as the relative degree of duty owed by the employer to the injured person. These various factors are summarized and the cases are collected and analyzed by the annotator in an exhaustive note following the case of Bradley v. Stevens, 329 Mich. 556, 46 N.W.2d 382, as reported in 34 A.L.R.2d 367. (The annotation begins on page 372 and supersedes annotations in 40 A.L.R. 1212, and 114 A.L.R. 1033.) We have also considered the following cases: Matsuda v. Hammond, 77 Wash. 120, 137 P. 328, 51 L.R.A.,N.S., 920; Barry v. Oregon Trunk Ry., 197 Or. 246, 253 P.2d 260; Hein v. Chrysler Corp., 45 Wash.2d 586, 277 P.2d 708; Heusser v. McAtee, 151 Neb. 828, 39 N.W.2d 802; Hoover Motor Express Co. v. Thomas, 16 Tenn. App. 664, 65 S.W.2d 621; Smothers v. Welch & Co. House Furnishing Co., 310 Mo. 144, 274 S.W. 678, 40 A.L.R. 1209; Oneta v. Paul Tocci Co., 297 N.Y. 629, 75 N.E.2d 743; Vrabel v. Acri, 156 Ohio St. 467, 103 N.E.2d 564, 30 A.L.R.2d 853; Henderson v. Nolting First Mortg. Corp., 184 Ga. 724, 193 S.E. 347, 114 A.L.R. 1022; 57 C.J.S. Master and Servant § 573.

An extended discussion of the authorities would not be helpful at this time. The case being here only upon the sufficiency of the complaint, the factors ultimately determinative of liability cannot be considered until the evidence is adduced. It is sufficient to determine the issue now before us to hold, and we do hold, that the complaint states facts sufficient to constitute a cause of action as against a general demurrer.

The village contends the complaint is insufficient because its allegations are mere conclusions of law. We do not agree with this contention. Some of the allegations are conclusions of fact, or ultimate facts. The allegation that Crowell was acting within the scope of his employment when he assaulted the deceased, is particularly urged as a conclusion of law and insufficient. In Corey v. Beck, 58 Idaho 281, 72 P.2d 856, this court quoted with approval from May v. Farrell, 94 Cal.App. 703, 271 P. 789, at page 792, as follows:

**192**

"'* * * As held in Kuhl v. United States Health & Accident Ins. Co., 112 Minn. 197, 127 N.W. 628, the terms "scope of employment" and "course of employment," like negligence, are now generally regarded as conclusions of fact, and under liberal rules of pleading a complaint containing such allegations is sufficient to justify the admission of evidence in support thereof. * * *'" 58 Idaho at page 288, 72 P.2d at page 859.

Eldridge v. Black Canyon Irr. Dist., 55 Idaho 443, 43 P.2d 1052, was an action for damages for an assault committed by an irrigation district superintendent. There this court held:

"It was also a question for the jury to decide whether he acted within the scope of his employment in committing the assault, or stepped aside from his line of duty and committed it pursuant to some purpose of his own and independent of his employment." 55 Idaho at pages 450–451, 43 P.2d at page 1055.

The judgment is reversed and the cause is remanded for further proceedings in conformity herewith.

Costs to appellant.

PORTER and SMITH, JJ., and BURTON, D. J., concur.

KEETON, Chief Justice (dissenting).

In my opinion the demurrer to the amended complaint was properly sustained. It shows on its face that it cannot be amended to state a cause of action. Hence, the judgment of dismissal should be affirmed.

The amended complaint alleges in substance that Harrison Crowell, employed by the Village of Bancroft, as water commissioner, assaulted and murdered Jay Gilbert. The alleged liability of the village to the deceased's dependents is based mostly on legal or factual conclusions, without any statement of ultimate facts on which to base a liability. Assuming that the legal and factual conclusions are true, still the amended complaint states no cause of action.

On what possible theory an employer could be held liable under the doctrine of respondeat superior, I am unable to determine. An employee, under such circumstances, is not working in furtherance of his master's business, and the governing board of a city or village could not, regardless of its act, create a liability, for which the municipality would be liable.

Certainly a governing board is not elected or employed to authorize or condone a violent assault on the person of another for which the corporation could be made liable.

A municipal corporation, whether acting in a proprietary or governmental capacity, is not the insurer of the personal safety of another from an assault by an employee, nor is such municipal corporation in a position to know, suspect or expect that one of its employees will wilfully murder another. The employee's act was entirely foreign to the service for which he was employed and for such act the employer is not responsible.

In the situation being considered, the act of Crowell was not in the scope of the employer's business, nor was it one that could be authorized or condoned by the governing body.

The liability of an employer to a third person for an assault committed by an employee must be predicated upon the doctrine of respondeat superior, and the test of liability is whether the servant was acting within the scope of his employment. An employee of a municipal corporation is not acting within the scope of his employment when he wilfully murders another.

In my opinion no authority is cited to sustain the majority view.

I cite the following authorities sustaining the view that the Village of Bancroft is not liable: 35 Am.Jur. 1005, Sec. 573; 114 A.L.R. 1034; 34 A.L.R.2d 402. In the latter citation, the annotator cites cases from U. S., Alabama, California, Dakota, District of Columbia, Georgia, Illinois, Iowa, Kansas, Kentucky, Louisiana, Maryland, Massachusetts, Michigan, Minnesota, Mississippi, Missouri, Nebraska, New Hampshire, New Mexico, North Carolina, Ohio, Oklahoma, Pennsylvania, Texas, Utah, Washington and West Virginia. A review of authorities would serve no useful purpose.

The conclusion reached by the majority may have far reaching effects on future similar situations, and establish a precedent that could bankrupt a municipality, or private corporation.

The judgment of dismissal should be affirmed.