416 P.2d 27

Natalie B. LIVELY, Plaintiff-Appellant,

v.

CITY OF BLACKFOOT, Sam Edwards and
Charles Yellowjohn, Defend-
ants-Respondents.

No. 9730.

Supreme Court of Idaho.

June 23, 1966.

Black & Black, Pocatello, for appellant.

Albaugh, Bloem, Smith & Pike, Idaho Falls, for respondent City of Blackfoot.

Furchner, Anderson & Beebe, Blackfoot, for respondents Sam Edwards and Charles Yellowjohn.

SPEAR, Justice.

This is a tort action, in which plaintiff-appellant filed a five-count complaint in which she pleads: in Count I, false arrest and assault and battery by the defendant officers; in Count II she repleads Count I and adds false imprisonment accomplished through malice; in Count III appellant repleads Count I and alleges a more detailed account of the malicious acts constituting the false arrest and false imprisonment; in Count IV she repleads Count I and portions of Counts II and III, and alleges a more detailed account of the particulars of the false arrest and false imprisonment; in Count V appellant repleads the gist of all previous counts and sets forth in general that she was deprived by the defendants of her civil rights. During the hearing on the City's motion to dismiss, appellant was permitted to amend her complaint by adding the following allegation to all counts:

> "That any immunity of the defendant, City of Blackfoot, had been waived to the extent of the claim of plaintiff as herein set out."

It is important to note that in her complaint appellant contends that all of the acts of the defendants were "done with oppression and malice."

The City of Blackfoot moved to dismiss the complaint, as to it, upon the grounds of sovereign immunity. This motion was treated by the trial court as a motion for summary judgment. At the hearing thereon the public liability insurance policy carried by the City (No. BLP23–50–76, written by the General Insurance Company of America) was made available to the court for the judge's information and made a part of the record though not introduced as an exhibit.

The trial court held that in the absence of a special statute rendering it liable, a municipality is not liable for the torts of its police officers in the performance of governmental functions that all claims asserted by the plaintiff were grounded upon a governmental function of the City and that the City therefore was immune from suit thereon; and that the public liability policy did not afford coverage to the City as to any of plaintiff's claims. The court entered an order granting the City's motion for summary judgment, dismissed the action as against the defendant City of Blackfoot, and entered a summary judgment on behalf of the City of Blackfoot against the plaintiff. From this judgment the plaintiff appealed.

By her assignments of error appellant has raised four issues. The first poses the question: Are all the claims or contentions asserted by appellant in her complaint, as amended, grounded upon misconduct of the City and its officers while functioning in a governmental, as distinguished from a proprietary, capacity?

■ The prevailing law is that, absent statute, a municipal corporation generally is not liable for the torts committed by its employees or servants in the performance of a governmental function. Liability is however imposed when the municipality engages in a proprietary or business function. 18 McQuillin, Municipal Corporations, § 53.65, pp. 291–295 (3rd rev. ed. 1963). Such is the firmly established law in this jurisdiction. Eaton v. City of Weiser, 12 Idaho 544, 86 P. 541; Strickfaden v. Green Creek Highway Dist., 42 Idaho 738, 248 P. 456, 49 A.L.R. 1057; Henderson v. Twin Falls County, 56 Idaho 124, 50 P.2d 597, 101 A.L.R. 1151; City of Nampa v. Kibler, 62 Idaho 511, 113 P.2d 411; Splinter v. City of Nampa, 70 Idaho 287, 215 P.2d 999, 17 A.L.R.2d 665; Hooton v. City of Burley, 70 Idaho 369, 219 P.2d 651; Lundahl v. City of Idaho Falls, 78 Idaho 338, 303 P.2d 667, 61 A.L.R.2d 866;

Ford v. City of Caldwell, 79 Idaho 499, 321 P.2d 589; Gilbert v. Village of Bancroft, 80 Idaho 186, 327 P.2d 378.

■ Whether a particular function performed by a municipality is properly a governmental function, or whether the municipality has not acted in a proprietary or business capacity is a question sometimes not easily determined. It is clearly established however that the operation of a police department is a governmental and not a proprietary function, and that, therefore, acts or omissions in connection therewith will not ordinarily give rise to liability on the part of the municipality. 18 McQuillin, Municipal Corporations, §§ 53.51, 53.79a, pp. 269–270, 330–333 (3rd rev. ed. 1963); 63 C.J.S. Municipal Corporations § 775, p. 77; 38 Am.Jur., Municipal Corporations, § 620, p. 317; City of Nampa v. Kibler, supra; Klam v. Boehm, 72 Idaho 259, 240 P.2d 484; cf. Ford v. City of Caldwell, supra.

■ Specifically appellant alleged her arrest was wrongful, without warrant or judicial order or other authority of law; that the arresting officers beat and assaulted her about the arm, thighs and head, though no attempt was made to resist the said unlawful arrest; that she was falsely imprisoned and detained for a period of approximately 9 hours in a vile and loathsome cell which was both unsanitary and unhealthy; that, though she requested counsel during this time, counsel was denied appellant; that the authorities refused to permit her to post bail, though the offense for which she was falsely arrested and falsely imprisoned was bailable, and that in other manner she was deprived of her civil liberties. The cases and authorities make plain however that a municipality, unless expressly so provided by statute, is not liable for those wrongs as alleged by appellant in her complaint. 18 McQuillin, Municipal Corporations, §§ 53.80d, 53.80e, 53.94, pp. 342, 342–344, 380–384 (3rd rev. ed. 1963);

63 C.J.S. Municipal Corporations § 775, pp. 77–80; 38 Am.Jur., Municipal Corporations, § 620, pp. 317–318; 41 Am.Jur., Prisons and Prisoners, § 18, pp. 897–898.

The Idaho case of Klam v. Boehm, supra, is additional authority in support of the conclusion that all counts listed in appellant's complaint fall within a governmental function, including the alleged maintenance of unhealthy and unsanitary confinement facilities which appellant has especially claimed does not fall within the sovereign capacity of the municipality for which immunity is conferred. The plaintiff in the Klam case brought his action for damages against the police chief of Boise seeking to hold him responsible together with the police officers under his supervision for the alleged misconduct of the officers which consisted of unlawful arrest, false imprisonment and assault and battery said to have been committed while plaintiff was wrongfully detained in the city jail. This court sustained the judgment of dismissal as to the police chief for failure to state a cause of action and specifically held that a policeman is a public officer whose duties relate to governmental functions of a municipality and that the maintenance of a jail additionally is a governmental function. See also the case of City of Nampa v. Kibler, supra, wherein this court held that a municipality is not liable for the assault and battery committed by its police officers in the discharge of their duties as officers.

■■ The second query raised by the specifications is: Did the City of Blackfoot waive sovereign immunity as to claims not covered by its insurance policy simply by purchasing a public liability insurance policy containing the special endorsement required in I.C. § 41–3504?[1] The City of Blackfoot, as a matter of law, is not liable for the wrongful conduct or torts committed by police officers in the performance of a governmental function, unless otherwise provided by statute. Appellant contends that the defense of sovereign immunity normally available to the City was waived to the extent of the limits of the public liability insurance policy taken out by the City under the provisions of Chapter 35, Title 41, Idaho Code, and particularly the special endorsement required by I.C. § 41–3504.[1] Idaho does provide for a limited waiver of the defense of sovereign immunity by the state or other political subdivisions of the state, including municipalities, but only to the extent of the liability insurance carried by the state or the municipality, in actions for damages. I.C. § 41–3505. The municipality is not required under law to purchase such insurance, and it therefore follows that a municipality may itself determine the scope of coverage made available. I.C. § 41–3506. In the absence of insurance coverage of its governmental functions the immunity is not waived. Ford v. City of Caldwell, supra, 79 Idaho at p. 509, 321 P.2d 589. The district court concluded correctly that "the sovereign immunity of the City of Blackfoot was waived only to the extent that public liability insurance was given to the City, as revealed in the said insurance policy."

■ The policy purchased by the City of Blackfoot specifically excludes from coverage bodily injury and property damage intentionally caused. There was thus provided no insurance coverage for the intentional torts of which appellant complained. Contracts of insurance, like other contracts, must be construed and understood, in absence of ambiguity, in their plain, ordinary and proper sense, according to the meaning as determined from the plain wording of the policy. Miller v. World Ins. Co., 76 Idaho 355, 283 P.2d 581; Thomas v. Farm Bureau Mut. Ins.

1. " 'It is agreed that in the event of a claim or suit arising under this policy, the company will not deny liability because of any legal exemption to which the named insured may be entitled by reason of it[s] being a sovereign state or department of a state government or any political subdivision thereof, including municipalities and specially chartered subdivisions.' "

Co. of Idaho, 82 Idaho 314, 353 P.2d 776. The City might have provided coverage for assault and battery, false arrest, false imprisonment and such other intentional torts; the fact is plain however that the municipality has not made available such coverage, in view of the pertinent, material terms of the policy.[2]

An examination of the several counts set forth in appellant's complaint confirms the trial court's conclusion that all such claims asserted are based on wilful or intentional conduct and so fall outside the limits of the insurance coverage. Assault and battery, false imprisonment and false arrest are all torts requiring intentional conduct for their commission. 6 Am.Jur.2d, Assault and Battery, § 199, pp. 161–162; 22 Am.Jur., False Imprisonment, §§ 3, 7, pp. 354, 358. Therefore there is no merit in appellant's contention that the trial court erred in holding there was no insurance coverage by the City of Blackfoot for torts of the defendant officers, acting in their official capacity.

However, in this regard appellant raises two additional arguments against dismissing the City of Blackfoot from this action: First, it is contended that it must have been the legislative intent that where a municipality has procured public liability insurance, the municipality must be deemed to have waived completely the defense of sovereign immunity to the extent of the limits of the insurance policy and that such waiver therefore does not merely encompass the risks against which the particular public liability insurance policy provided. The reasoning applied here primarily is based upon the re-titling of I.C. § 41–3505 which replaced the previously applicable and identical provision, Section 41–3305. Former Section 41–3305 read, "Waiver of immunity to extent of liability insurance carried," while the present provision is titled, "Limited waiver of defense of sovereign immunity." The change thus made really supports, if anything, the interpretation given the statutory provision by the trial court, i. e., that the defense of sovereign immunity is waived only for those acts or omissions for which coverage has been provided. This interpretation is further supported by I.C. § 41–3506 which makes it optional for a municipality to purchase public liability insurance at all, so it may reasonably be supposed a municipality may itself determine the extent of coverage which it is willing to provide.

There has been no case interpretation of either the original or the present Section 41–3505, but appellant's argument for a blanket waiver of immunity to the monetary limits of the policy is untenable. The general rule of construction oft stated and specifically recognized by this court is that a statute authorizing suit against a state or a political subdivision thereof is in derogation of sovereignty and therefore must be strictly construed. Pigg v. Brockman, 79 Idaho 233, 314 P.2d 609; 81 C.J.S. States § 215, p. 1306. Where the statutory provision cannot be said to directly support the extended waiver urged by appellant, this court cannot judicially adopt that broad construction which appellant urges. I.C. § 41–3505 at any event seems clear enough and *only* a waiver for the acts or omissions for which coverage has been provided is the clear purpose of the provision.

2. "1. Bodily Injury and Property Damage Liabilities: To pay on behalf of the insured all sums which the insured shall become obligated to pay by reason of the liability imposed by law (1) upon him or (2) upon another but assumed by the insured under a contract; (a) for damages, including damages for care and loss of service, because of bodily injury, sickness or disease, including death at any time resulting therefrom sustained or alleged to have been sustained by any person caused by any occurrence.
    Exclusions:
    This policy does not apply: (g) to injury, sickness, disease, death or destruction caused intentionally by or at the direction of the insured."

█ Appellant next contends that where an insurance company has been paid premiums from the public funds the insurance company thereby is precluded from setting up the immunity of a sovereignty to deny liability under the insurance contract for such action on the part of the insurance company would amount to no less than fraud upon the public treasury. Principally appellant maintains that the district court could not properly construe the exclusionary clause inserted in the insurance contract with the City without considering what is termed the resultant conflict with the mandatory special endorsement found in I.C. § 41–3504 and made a part of all such contracts and by which an insurance company agrees not to deny liability because of the sovereign immunity of the insured. The purpose of the mandatory endorsement provision, appellant contends, was specifically to prevent insurance companies from accepting premiums from the public funds of the people and then raising the defense of sovereign immunity, making the premium for nothing, and the policy a virtual fraud. This second argument is not that the City has waived immunity for the intentional torts upon which the action is founded, but rather that the insurance company nevertheless is liable since it is precluded under the mandatory endorsement provision from denying liability in the amount of the policy. Under this theory the City must remain a nominal defendant so that the liability of the insurer may be determined.

This claim now asserted by appellant is entirely without merit and is based on reasoning found in other cases not applicable to the facts in this case. Thus, for example, the case of Pigg v. Brockman, supra, cited by appellant, is clearly and readily distinguishable, but is now briefly discussed for the purpose of providing some understanding of the position appellant has taken here. At the date on which the cause of action in Pigg v. Brockman arose, Idaho did not yet have a statutory provision similar to the present I.C. § 41–3505. The commissioner of insurance had however procured public liability insurance and that insurance covered automobiles under the control of the state. Inserted in the insurance contract was an endorsement provision such as that set forth in Section 41–3504 and now mandatorily made a part of all such contracts. The suit was brought for injuries sustained in an automobile collision and since an automobile under the control of the state and for which public liability insurance had been provided was indirectly involved, the state was made a party defendant. This court held that the state simply because it had purchased public liability insurance could not have been considered to have waived its immunity from suit where there was no legislative authorization for such waiver—though other courts had reached a different result. The court further concluded that where the insurance company had agreed to the endorsement provision it intended to, and did actually, contract to assume and pay damages to persons injured through the negligence of those operating state vehicles covered by the policy and therefore could not now deny liability because of the immunity which attached to the state. Were the result otherwise, the court went on, the premium of some $8,500 of public moneys paid to and received by the insurer would have been without consideration.

█ The result reached in the Pigg v. Brockman case did not however place upon the insurer a liability greater than that which it contracted to assume. Yet appellant now asks that the mandatory endorsement provision here involved be so interpreted to do just that. This court cannot by construction create a liability which the insurer has not assumed. Miller v. World Ins. Co., supra; Thomas v. Farm Bureau Mut. Ins. Co. v. Idaho, supra; Coburn v. Fireman's Fund Ins. Co., 86 Idaho 415, 387 P.2d 598. Proper inter-

pretation of the mandatory endorsement provision found in Section 41–3504 makes clear that the conclusion urged by appellant is not warranted since the insurance company under this provision agrees only not to raise the defense of sovereign immunity when faced with claims arising under the policy. The claims which are asserted by appellant simply do not arise under the policy with the City.

Additionally the facts presented in the case at bar do not pose the question of fraud on the public moneys of the people or lack of consideration such as was posed in Pigg v. Brockman. The insurance company assumed a specific liability and if a claim had arisen under the policy which it issued to the City of Blackfoot it could not under Section 41–3504 have denied that liability.

In similar manner the other cases cited by appellant on this point are clearly distinguishable. Found in 68 A.L.R.2d 1437 is an excellent annotation which helps explain more fully the reasoning which appellant has attempted to apply to this case and which further illustrates the inapplicability of such reasoning to the case at bar. See also Ford v. City of Caldwell, supra, where absent the endorsement provision voluntarily made a part of the contract in the Pigg v. Brockman case and absent a statute authorizing waiver of immunity, the court found that where a city had purchased public liability insurance the contracting parties must and could only have intended coverage for liability arising out of the proprietary or business functions of the city for which immunity was not available.

Thus neither of the additional contentions raised by the appellant are tenable.

The only remaining issues are (3) whether all claims asserted by the appellant in her complaint were based upon wilful or intentional conduct, and (4) whether the policy of insurance involved herein afforded coverage for payment of damages for the particular torts alleged in appellant's complaint. No. 3 issue is answered by the wording of appellant's complaint itself, wherein she contends that all of the acts of defendant officers were performed with oppression and malice, and as indicated previously herein, the charges of false arrest, assault and battery, false imprisonment and the like, all require an intentional and wilful course of conduct on the part of defendant officers.

As previously mentioned, the policy of insurance by its exclusionary provision did not afford any coverage to the City of Blackfoot for the particular intentional, wilful, malicious and oppressive torts alleged in appellant's complaint.

Therefore, all the issues presented in this appeal by the appellant must be resolved against her. We are constrained to the conclusion that where both the applicable statute providing for waiver of sovereign immunity and the public liability insurance policy purchased thereunder clearly do not provide coverage for the injury for which suit is brought, neither the City nor the insurance company is in any manner liable therefor. Anneker v. Quinn-Robbins Co., 80 Idaho 1, 323 P.2d 1073; Hermer v. City of Dover, 106 N.H. 534, 215 A.2d 693 (1965).

The trial court therefore committed no error in holding there was no genuine issue as to any material fact between appellant and the City of Blackfoot and concluding that the City was entitled to a summary judgment as a matter of law.

Judgment affirmed. Costs to respondent City of Blackfoot.

McFADDEN, C. J., and McQUADE, TAYLOR and SMITH, JJ., concur.