[Civil No. 3390. Filed December 31, 1934.]

[39 Pac. (2d) 625.]

THE SALT RIVER VALLEY WATER USERS' ASSOCIATION, a Corporation, Appellant, v. HARRY M. DELANEY, Appellee.

Messrs. Sloan, McKesson & Scott, for Appellant.

Mr. James E. Nelson, for Appellee.

ROSS, C. J.—The plaintiff, Harry M. Delaney, sued the defendant, Salt River Valley Water Users' Association, for damages to his property for wrongfully and negligently flooding the former's premises. In a trial before the court without a jury judgment was rendered for plaintiff. Defendant has appealed.

The facts, as gathered from the pleadings and the evidence, are as follows: The plaintiff is the owner of two lots, area two acres. These lots are part of the Warren tract, a subdivision to the city of Phoenix, located on the south of and facing West Van Buren Street. These lots and others contiguous to them were entitled to irrigation water from defendant's irrigation system. The defendant, in order to deliver such irrigation water to plaintiff from its main canal running along the south side of said Van Buren Street, had put in a headgate at the northeast corner of said subdivision, through which the water was let into a lateral ditch used by plaintiff and others to irrigate their premises. The latter ditch paralleled the defendant's main canal and skirted the northern boundary of plaintiff's and others' lots or parcels of land obtaining water from it, and was supposed to be of a capacity to carry 100 inches of water; that being the quantity to be delivered during irrigation periods.

The defendant owns and controls the main canal, and the plaintiff and others whose lands receive water from the lateral own and control the latter. It is shown that the owners of land above plaintiff and the plaintiff kept the lateral clean, and in that condition

it was capable of carrying 100 inches of water, but that a Mrs. Lount, the owner of the land immediately below plaintiff's lots, had neglected and failed to keep the ditch in front of her premises clean and had permitted weeds and vegetation to grow therein so that when 100 inches of water were released to her it backed up and flooded plaintiff's premises causing the damage complained of. It is shown that defendant's employees knew of the situation and had, a short time before, notified or requested Lount to clean her ditch, but did not know whether she had done so.

Plaintiff, on the particular occasion complained of, after using the water for his premises, released it and permitted it to flow on, with full knowledge of the condition of the ditch below him; the water having theretofore backed into his premises from the same cause.

The lower court, on the theory that defendant was a joint tort-feasor with Mrs. Lount, gave judgment against defendant. We cannot concur in this conclusion. The defendant was under no duty to keep the ditch, owned and used by plaintiff and others to irrigate their lands, clear of weeds and vegetation, or to see that it was of sufficient capacity to carry the amount of water the owners of land had bought and it had agreed to deliver. At most, it could request the owners of land taking water from the lateral to keep clean that part of the ditch adjacent to their land. It had no control over the ditch belonging to plaintiff and his neighbors, nor over the irrigation waters delivered to them through its headgate. It is elementary that actionable negligence only arises for the violation of a duty owed to the injured party. *Salt River Valley Water Users' Assn.* v. *Compton,* 40 Ariz. 282, 11 Pac. (2d) 839; *Chavez* v. *Lopez,* 35 N. M. 61, 290 Pac. 741.

But it is contended that the defendant was guilty of negligence in delivering the water with a knowledge that the ditch in front of Lount's premises was inadequate and that water would back and flood plaintiff's acreage. This, as we understand, was the ground upon which the court held defendant liable. The defendant was under a contract to furnish that amount of water to land owners on the lateral ditch. Its duty and liability ceased at its headgate or point of delivery. The control and use of water thereafter devolved upon the land owners on the ditch. As was said in *Omaha Life Ins. Co.* v. *Gering & Ft. Laramie Irr. Dist.,* 123 Neb. 761, 244 N. W. 296, 297:

"The use of the water, after delivery, was a matter over which the district had no control. The district is not liable for damages for negligence resulting from a use of the water for irrigation, which use is not subject to its control. This is true whether the damage was caused by the use of water by the plaintiff herein or by other irrigators."

The defendant, being without authority to manage and control the water after its delivery at the headgate or to oversee and keep the ditch clean, could not under any principle known to us be held liable for the flooding of plaintiff's premises and the consequent damages. It would be as reasonable to charge the manufacturer of an automobile with the negligence of the owner in its operation, or for an injury resulting from the failure by the highway department to maintain a public road in safe condition, as to make defendant liable for the flooding of plaintiff's premises.

The judgment is reversed and the cause remanded, with directions that it be dismissed.

LOCKWOOD and McALISTER, JJ., concur.