[Civil No. 4165.   Filed March 4, 1940.]

[99 Pac. (2d) 704.]

STATE OF ARIZONA and YUMA COUNTY, Appellants, v. YUMA IRRIGATION DISTRICT, Appellee.

Mr. Glenn Copple, County Attorney of Yuma County, and Mr. John B. Wisely, Jr., Deputy County Attorney of Yuma County, for Appellants.

Mr. Clement H. Colman, for Appellee.

ROSS, C. J.—Yuma Irrigation District, as the owner of the Southeast Quarter of the Northeast Quarter (SE¼NE¼) of Section 36, Township 8 South, Range 22 West, Gila & Salt River Meridian, in Yuma County, commenced this action against the numerous defendants to quiet its title. Only the State of Arizona and Yuma County have answered. All the other defendants defaulted. The answering defendants, as a defense, claimed a tax lien for county and state taxes for the year 1939. The plaintiff demurred to the answer on the ground that said property is exempt from taxation. The court sustained the demurrer and entered judgment against the state and the county quieting title to the premises in plaintiff. The answering defendants have appealed from this judgment.

The only question to decide is whether under our Constitution the legislature possesses the power to grant such exemption. It has attempted to do so in unmistakable language.

The said land and premises are within the plaintiff's irrigation district and were acquired by plaintiff through sale for delinquent taxes. Section 3373, Revised Code of 1928, as amended by chapter 37, Laws of 1933, provides that lands thus acquired by an irrigation district "shall until disposed of be and remain public property." It is this declaration of the legislature as to the character of such land, and the further declaration of such body found in section 3424, Id., as amended by chapter 8, First Special Session, Laws of 1931–1932, that plaintiff claims exempts such property from taxation. Section 3424, as amended, reads:

"Sec. 3424. *Districts; Public Corporations.* All irrigation districts heretofore or hereafter organized under the laws of the State of Arizona are hereby declared to have been and be public corporations and political subdivisions of the State, and municipal corporations under Section 2, Article IX, Constitution of the State of Arizona. Under all laws of the State of Arizona, affecting or relating to irrigation districts, such districts shall be deemed, held and construed to be public corporations and entitled to all exemptions, rights and privileges of public and municipal corporations in the construction and application of such constitutional and statutory provisions, and all property of such district shall be public property."

These sections are a part of the state's irrigation code and evince an intention on the part of the legislature to bring the property of irrigation districts, so far as exemption from taxation is concerned, into the same class as the property of the federal government, the state, county and municipal corporations. Whether the legislature possesses such power is the question.

■ We approach the solution of that question realizing that the presumption of law is in favor of the validity of legislative acts and that before we

should hold these laws invalid we must be well satisfied that the power to extend the exemption is denied the legislature by the Constitution.

■■ That instrument, section 2, article IX, enumerates what property shall be exempt from taxation, and states that

" . . . All property in the State not exempt under the laws of the United States or under this constitution, or exempt by law under the provisions of this section shall be subject to taxation to be ascertained as provided by law. . . . "

If the legislature passes a law exempting any property in the state, its power to do so must be found in the Constitution. Most of the exemptions are specified or enumerated by the Constitution and are self-executing. In one instance only has there been delegated to the legislature the power to grant exemptions, and that is wherein it says (in section 2, article IX, *supra*):

" . . . Property of educational, charitable and religious associations or institutions not used or held for profit may be exempt from taxation by law. . . . "

This power of the legislature to exempt does not extend to the property of an irrigation district.

If, therefore, the property of the plaintiff is exempt, it is because it falls within one of the classes specifically named in the Constitution as not being taxable. That instrument expressly exempts from taxation "all Federal, State, county and municipal property." Section 2, art. IX, *supra*. The legislature has attempted by sections 3373 and 3424, *supra,* to give irrigation districts the immunity from taxation that "Federal, State, county and municipal property" is given by the Constitution. It defines such districts as "public corporations," "political subdivisions" and "municipal corporations," and extends to

them "all exemptions, rights and privileges of public and municipal corporations." Whether this can be done depends upon the meaning to be attached to the words "municipal property" as used in the Constitution.

█ Municipal property is property belonging to a municipality or a municipal corporation. Property thus owned, like property owned by the United States, the state, or a county, is, by the terms of the Constitution, exempt from taxation. If, therefore, an irrigation district is a municipal corporation, or a municipality, which means the same thing, its property is exempt. We think that question, however, is settled against the plaintiff by our previous decisions. In *Maricopa County Municipal Water Conservation District No. 1* v. *La Prade,* 45 Ariz. 61, 40 Pac. (2d) 94, 100, we discussed at length the legal status of irrigation districts organized under the laws of this state. We said:

"We think the true rule and the reasons therefor [for holding that irrigation districts were no more than improvement districts] are well set forth in *Day* v. *Buckeye Water, etc., Dist., supra* [28 Ariz. 466, 237 Pac. 636], as follows:

" 'Counties, cities, towns, and municipalities all belong to a class of subdivisions of the state primarily established for what are commonly called political and governmental, as aside from business purposes. Any exercise of the latter function is merely incidental to their existence and in no way necessary for it. And in the past, and particularly when it took one of the forms prohibited by the section in question [sec. 7, art. 9, Const.], such exercise has generally resulted so disastrously to the public that the wisdom and purpose of the constitutional provision as applied to such subdivisions is plain. On the other hand, irrigation districts and similar public corporations, while in some senses subdivisions of the state, are in a very different class. Their function is purely business and economic, and not political and governmental. They are formed

in each case by the direct act of those whose business and property will be affected, and for the express purpose of engaging in some form of business, and not of government. The power of incurring obligations of any nature is ultimately left in the hands of those whose property is affected thereby.'

"Districts of the kind involved in this proceeding therefore belong to that class of organizations, once rare but becoming more and more common, established for the pecuniary profit of the inhabitants of a certain territorial subdivision of the state, but having no political or governmental purposes or functions. In some respects these organizations are municipal in their nature, for they exercise the taxing power, the greatest attribute of sovereignty, and can compel the inclusion of unwilling landholders within their bounds. In other ways they resemble private corporations, for they are liable for the torts of their servants in the same manner and to the same extent, and indeed generally have the same rights and responsibilities. Probably the best definition we can give then is to say that they are corporations having a public purpose, which may be vested with so much of the attributes of sovereignty as are necessary to carry out that purpose, and which are subject only to such constitutional limitations and responsibilities as are appropriate thereto."

See, also, *Ramirez* v. *Electrical Dist. No. 4,* 37 Ariz. 360, 294 Pac. 614; *Reichenberger* v. *Salt River Project, etc.,* 50 Ariz. 144, 70 Pac. (2d) 452.

The nature and functions of irrigation districts under tax exemption laws, as distinguished from municipal corporations, are well stated in the following cases: *Columbia Irr. Dist.* v. *Benton County,* 149 Wash. 234, 270 Pac. 813; *Lewiston Orchards Irr. Dist.* v. *Gilmore,* 53 Idaho 377, 23 Pac. (2d) 720; *Buffalo Rapids Irr. Dist.* v. *Colleran,* 85 Mont. 466, 279 Pac. 369; *State ex rel. Goshen Irr. Dist.* v. *Hunt,* 49 Wyo. 497, 57 Pac. (2d) 793. All of these cases hold that irrigation districts are not entitled to tax exemption on the claim that they are municipal corporations.

Our Constitution, articles XIII and XIV, respectively, divides corporations into "Municipal Corporations" and "Corporations Other Than Municipal." The provisions of article XIII clearly show that they pertain only to cities and towns, or proper municipal corporations, and the provisions of article XIV "include all associations and joint stock companies having any powers or privileges of corporations not possessed by individuals or co-partnerships." If heed be given to these constitutional definitions of corporations, then, clearly, irrigation districts are not municipal and neither is their property.

██ Exemption from taxation is the exception and not the rule in this state. It is definitely up to one claiming his property is not subject to taxation to point out some valid provision of law that unequivocally sustains him in his contention. *Conrad* v. *Maricopa County,* 40 Ariz. 390, 12 Pac. (2d) 613; 26 R. C. L. 313, sec. 274. This, plaintiff has not done. The provisions of law relied upon contravene the Constitution. The legislature can exempt only that property the Constitution provides it may exempt by law. It cannot do indirectly what it cannot do directly. It cannot, by defining an irrigation district as a municipal corporation, secure to it the exemption from taxation allowed municipal corporations under the Constitution.

For the foregoing reasons, the judgment of the lower court is reversed and the cause remanded with directions to enter judgment for defendants state and county.

LOCKWOOD and McALISTER, JJ., concur.