226 P.2d 154

**TAYLOR v. ROOSEVELT IRR. DIST.**

No. 5209.

Supreme Court of Arizona.

Dec. 30, 1950.

Shute & Elsing, of Phœnix for appellant.

Kramer, Morrison, Roche & Perry, of Phœnix, for appellee.

STANFORD, Justice.

This is an appeal from an order and judgment of the Superior Court dismissing appellant's complaint against the appellee, Roosevelt Irrigation District.

George Taylor, deceased husband of this appellant, arranged with David A. Grout, the other defendant herein, who was in charge, control and legal possession of a portion of the Southeast quarter of section 12, Township 1 North, Range 1 East, Maricopa County, Arizona, to pasture

certain cattle upon such land. Grout, it is alleged, represented to Taylor that the enclosure was safe, suitable and fit for the purpose of grazing and feeding cattle. Prior to August 15, 1947, and pursuant to agreement, 396 head of cattle were turned into said place.

The appellee Roosevelt Irrigation District maintained a large irrigation canal running through the pasture in question, which was approximately 10 feet in depth by 30 feet in width. The bottom was lined with cement, extending upwards for approximately 5 feet on each side, and the walls from the top were so precipitous that animals falling therein could not climb out.

After said canal was constructed, it was enclosed by a mesh wire fence approximately 4½ feet in height and fastened to wooden posts. In cleaning the canal, it is alleged that appellee negligently burned a number of posts along the fence causing the posts and fence to fall, and that such condition was known to appellee and unknown to appellant.

Thereafter, on or about the night of August 15, 1947, 37 head of appellant's cattle, finding the opening in the fence, and being attracted by the water, went into the canal and were trapped and drowned.

Complaint was filed in the Superior Court by George Taylor against both the landowner and the district, alleging negligence and neglect upon their part and asking for $7,400 damages. Shortly after the filing, he died and his wife was substituted as plaintiff in the said action and thus becoming appellant herein.

From the judgment rendered on January 19, 1949, dismissing appellant's complaint against the district, appeal was taken to this court.

The two assignments of error made by the appellant are as follows:

"(1) The court erred in granting judgment on its order dismissing plaintiff's complaint. The Roosevelt Irrigation District is not the type of governmental entity which is immune from liability for its wrongful act.

"(2) The court erred in granting judgment on its order dismissing plaintiff's complaint. It was the duty of the Roosevelt Irrigation District to fence its right-of-way across Grout's land. Even if it were not a duty in the first instance, having constructed and undertaken to maintain the fences, it then became the duty of the Roosevelt Irrigation District to keep them in repair."

By the first assignment of error, this court is, in substance asked to determine whether or not irrigation districts, created in pursuance of Chapter 75, A.C.A. 1939, are, since the amendment of the Arizona Constitution through the adoption of Article 13, § 7, of such a nature as will render them liable for their torts under any circumstances. This precise

question has not as yet, to our knowledge, been ruled upon by this court, and its proper disposal requires a search of our legislative enactments, Constitutional provisions and cases concerning such organizations, in order that we may determine the exact nature of their present existence.

Article 13, § 7 of our Constitution, which became effective in 1940, contains the following: "Irrigation * * * districts * * * shall be political subdivisions of the state, and vested with all the rights, privileges and benefits, and entitled to the immunities and exemptions granted municipalities and political subdivisions under this Constitution or any law of the state or of the United States; but all such districts shall be exempt from the provisions of sections 7 and 8 of article 9 of this constitution."

Contention is made by the appellant that districts such as the one involved in this case, are of such a nature as will render them liable, similar to a municipal corporation, for their negligent acts while engaged in proprietary functions.

In arguing conversely, appellee has in its brief, conceded the fact that the precise issue presented herein, is one of first impression to this court. It thereupon would have us believe that we must entirely disregard the holdings by this court in its irrigation district cases because they are not in point. To the extent of our search, we have found no other state having similar laws and constitutional provisions relating to irrigation and improvement districts. We must therefore largely confine our consideration to material gleaned from the language of our own cases in determining the status of districts such as the one at hand. This will necessitate a thorough consideration of all the cases in this state dealing with irrigation districts, in order to obtain a full and accurate interpretation of the meaning of our Constitution and state code.

We find nothing in the language of Article 13, § 7, supra, or any other provision of the Arizona Constitution, which renders irrigation districts immune from liability for their torts, under all circumstances, as is argued by the appellee herein. Though designated as political subdivisions in the Constitution, with "all the rights, privileges and benefits" as well as "entitled to the immunities and exemptions" of a municipal corporation, it does not mean that they are immune from liability for their torts committed while acting in a proprietary capacity. The rule applicable in this behalf is similar to that applied to municipal corporations generally. Jones v. City of Phœnix, 29 Ariz. 181, 239 P. 1030; 38 Am.Jur., Municipal Corporations, § 572, and cases cited therein.

In the case of Maricopa County Municipal Water Conservation Dist. No. 1 v. Warford, 1949, 69 Ariz. 1, 206 P.2d 1168, this court held that Article 13, § 7, of the Arizona Constitution, supra, did not render appellant district immune from liability. Action was there brought for dam-

ages, based on the theory of inverse eminent domain.

Article 13, § 7, was added to the Constitution subsequent to the declaration by this court in State v. Yuma Irr. Dist., 55 Ariz. 178, 99 P.2d 704, that § 75-455, A.C.A.1939, was unconstitutional. That section placed irrigation districts on the same footing as a municipal corporation and thus granted them immunity from taxation. Thereafter, Article 13, § 7 was added for the purpose of re-establishing this immunity.

We are of the opinion that the primary functions of these irrigation districts have not been changed by the Constitutional Amendment, supra, and in the conduct of their ordinary business, they are not exercising governmental or political prerogatives as they are not operated for the direct benefit of the general public but only of those inhabitants of the district itself. If, as argued by the appellee, such functions were classed as governmental because of the benefit rendered the general public ultimately, then indeed there could be no such thing as a proprietary function of a public body, as the general public will inevitably derive some benefit from any such activities.

Appellee would have us believe that irrigation districts are at best "quasi-municipalities" to be compared with counties, school districts, etc. While Shumway v. Fleishman, 66 Ariz. 290, 187 P.2d 636, classes such districts as "quasi-municipali-ties", we cannot agree that they should stand in the shoes of such bodies with regard to tortious conduct. The immunity from liability enjoyed by those bodies generally classed as "quasi-municipalities" is placed upon the ground of their involuntary and public character. They are usually treated as public or state agencies and their duties are ordinarily wholly governmental. They exercise the greater part of their functions as agencies of the state merely, and are created for the purpose of public policy. See 18 McQuillin, Municipal Corporations, (3rd Ed.) § 53.05. We fail to find where such a basis of immunity exists with respect to appellee and similar organizations.

We hold therefore that an irrigation district, such as the appellee herein, may be held liable for its torts, as in the case of a municipal corporation, when it is engaged in a function which is of a proprietary nature.

That the distribution of water, when undertaken by a municipality, is a proprietary and not a governmental function of the municipality, is well settled in this jurisdiction. Sumid v. City of Prescott, 27 Ariz. 111, 230 P. 1103; City of Tucson v. Sims, 39 Ariz. 168, 4 P.2d 673, and cases cited therein.

Appellant's second assignment of error avers that the trial court erred in its dismissal of the complaint as to the district. It is urged that appellee was under a duty to fence the canal, or if no such duty ex-

isted in the first instance, at least once the canal had been fenced, appellee was under a duty to properly maintain the fence.

It is the general rule that the owner of an irrigation ditch is under a duty to use reasonable care in the proper operation and maintenance of the ditch, or as termed in some cases, the owner must use the care required of an ordinarily prudent person. Salt River Valley Water Users' Ass'n v. Stewart, 44 Ariz. 119, 34 P.2d 400; Salt River Valley Water Users' Ass'n v. Blake, 53 Ariz. 498, 90 P.2d 1004; Salt River Valley Water Users' Ass'n v. Delaney, 44 Ariz. 544, 39 P.2d 625; Salt River Valley Water Users' Ass'n v. Arthur, 51 Ariz. 101, 74 P.2d 582. See 69 A.L.R. 1231, for a compilation of cases holding to the same rule in other jurisdictions.

However, the details in connection with what is required of a particular canal owner in the proper operation and maintenance of that canal are facts to be determined in the first instance by the trial court. In the case of Salt River Valley Water Users' Ass'n v. Arthur, supra, this court laid down the rule that the requirements of the duty of the owner of a ditch to use reasonable care to see that its ditch is properly maintained and operated depend entirely on circumstances of each case. The case at hand has never gone to trial and the question of whether or not the appellee herein was guilty of negligence in the maintenance and operation of its canal is one of fact for the trial court or jury to determine.

For the foregoing reasons, the judgment of the trial court is reversed and the case remanded for trial.

Reversed and remanded.

LA PRADE, C. J., and UDALL, PHELPS, and DE CONCINI, JJ., concur.