630 P.2d 1032

**PINETOP-LAKESIDE SANITARY DISTRICT, Appellant,**

v.

**Ed J. FERGUSON, Clerk of the Superior Court in and for the County of Navajo, Appellee.**

**No. 15189–PR.**

Supreme Court of Arizona,
In Banc.

June 26, 1981.

John G. Gliege, Scottsdale, for appellant.

Jay V. Flake, Navajo County Atty., by Michael Prost, Holbrook, for appellee.

STRUCKMEYER, Chief Justice.

Appellant Pinetop-Lakeside Sanitary District brought this proceeding as a special action in the Navajo County Superior Court to compel the Clerk of Court to accept for filing without payment of a filing fee any eminent domain complaint offered by the District and to return filing fees paid by the District under protest. The Superior Court denied relief, and on appeal the Court of Appeals affirmed, Ariz., 630 P.2d 1036 (App.1980). We accepted review, see A.R.S. § 12–120.24. Opinion of the Court of Appeals vacated. Judgment of the Superior Court reversed.

The Sanitary District was organized pursuant to the Sanitary District Act of 1941, which empowers counties' boards of supervisors to establish in unincorporated areas sanitary districts for the construction and operation of sewerage systems. A.R.S. § 36–1301. A sanitary district may be created by petition of a majority of real property owners or of the owners of a majority of the real property within a proposed district. A.R.S. § 36–1302(A). Once created, the district is deemed to be a body corporate with all the powers of a municipal corporation necessary to achieve its statutory purposes, A.R.S. § 36–1305, including the power of eminent domain, A.R.S. § 36–1310(3), and taxation, A.R.S. §§ 36–1324, 36–1325. The district may declare any existing sewage disposal system a nuisance and abate it, and require all buildings in the district to be connected with the district's

system. A.R.S. § 36–1312. Provisions are also made for voter selection of a board of directors to govern the district and voter authorization for the issuance of bonds. A.R.S. §§ 36–1309, 36–1315, 36–1319, 36–1320(A).

Although a sanitary district is given the powers of a municipal corporation, it differs from a municipality in that municipalities are not established for business purposes. They may engage in proprietary or business activities, but these activities are only incidental to their political and governmental purposes. Sanitary districts, on the other hand, like other improvement districts, are not created principally to carry out political or governmental functions, even though they are vested with governmental powers such as eminent domain and taxation. Their purpose is to improve local real estate for the benefit of the landowners at the landowners' expense. See *Maricopa Co. M.W.C. Dist. No. 1 v. LaPrade*, 45 Ariz. 61, 76, 40 P.2d 94 (1935); *Ramirez v. Electrical Dist. No. 4*, 37 Ariz. 360, 364, 294 P. 614 (1930); *Day v. Buckeye Water Etc. Dist.*, 28 Ariz. 466, 474, 237 P. 636 (1925). See also *Ball v. James*, —— U.S. ——, 101 S.Ct. 1811, 68 L.Ed.2d 150 (1981).[1]

Article 13, Section 7 of the Arizona Constitution provides:

"* * * tax levying public improvement districts * * * shall be political subdivisions of the State, and vested with all the rights, privileges and benefits, and entitled to the immunities and exemptions granted municipalities and political subdivisions under this Constitution or any law of the State or of the United States * *."

The Sanitary District argues that as a "tax levying public improvement" district, it is entitled to all exemptions granted by the State Constitution or by statute to other political subdivisions of the State. A county is one such other political subdivi-

---

1. A school district is not an improvement district. *County of Pima v. School Dist. No. One*, 78 Ariz. 250, 278 P.2d 430 (1954). It is not established primarily to benefit local landowners but to carry out a political function imposed on the State by the Constitution. Ariz.Const. Art. XI, § 1. See *Sorenson v. Superior Court*, 31 Ariz. 421, 424–425, 254 P. 230 (1927).

sion. *Board of Sup'rs of Maricopa County v. Stanford*, 70 Ariz. 277, 219 P.2d 769 (1950); *Hunt v. Mohave County*, 18 Ariz. 480, 483, 162 P. 600 (1917). A.R.S. § 12–304 exempts counties from paying a fee for filing a complaint.[2] Hence, the Sanitary District argues, Article 13, Section 7 likewise exempts it.

Article 13, Section 7, was approved by the voters in November 1940. Its primary purpose was to annul the decision in *State of Arizona v. Yuma Irr. Dist.*, 55 Ariz. 178, 99 P.2d 704 (1940). There, it was held that a legislative attempt to exempt from taxation property belonging to irrigation districts was unconstitutional.

■ Appellee therefore argues that the sole effect of Article 13, Section 7 was to grant public improvement districts immunity from taxation. This argument was specifically rejected in *Local 266, Etc. v. Salt River Project Agr. Imp. & P. Dist.*, 78 Ariz. 30, 275 P.2d 393 (1954), where we said:

"Appellants contend that the foregoing amendment to the Arizona Constitution did nothing more than grant the District immunity from taxation. We believe that a plain reading of the constitutional provisions unequivocally defines agricultural improvement districts of the state as political subdivisions of the state and vested with all the rights, privileges and benefits, and entitled to the immunities and exemptions granted municipalities and political subdivisions under the constitution or any law of the state or of the United States. * * * Appellants' contention is incorrect." *Id.* at 35, 275 P.2d 393.

Article 2, Section 32 of the Arizona Constitution provides that "[t]he provisions of this Constitution are mandatory, unless by express words they are declared to be otherwise." Our holding that the grant of immunities and exemptions in Article 13, Section 7 is not limited to an exemption from

taxation results from the fundamental principal that where a constitutional provision is clear, no judicial construction is required or proper. *Adams v. Bolin*, 74 Ariz. 269, 273, 247 P.2d 617 (1952); *Clark v. City of Tucson*, 1 Ariz.App. 431, 433, 403 P.2d 936 (1965). The unmistakable language of Article 13, Section 7 grants improvement districts all immunities and exemptions.

Appellee urges that even after the enactment of Article 13, Section 7, this Court distinguished improvement districts from the more typical political subdivisions of the State, pointing out the districts' primary business nature and limited governmental functions and that the districts' powers as political subdivisions are limited to the purposes justifying their political existence. From this, appellee argues that improvement districts have only those immunities and exemptions absolutely necessary to carry out their purposes. Appellee points to the decisions of this Court in *Taylor v. Roosevelt Irr. Dist.*, 71 Ariz. 254, 226 P.2d 154 (1950), supplemented, 72 Ariz. 160, 232 P.2d 107 (1951), in which an irrigation district was held not to be immune from tort liability, and in *Valley National Bank of Phoenix v. Electrical Dist. No. 4*, 90 Ariz. 306, 367 P.2d 655 (1961), in which an electrical district was held not to be exempt from the statutes of limitation. Appellee concludes that improvement districts are not given all the immunities and exemptions granted to other political subdivisions of the State.

Appellee's argument is correct insofar as it goes. But Article 13, Section 7 grants improvement districts only "immunities and exemptions granted municipalities and political subdivisions *under this Constitution or any law of the State or of the United States.*" Improvement districts have no immunity from tort liability since:

"No court fees shall be charged:
1. The state, a county, a city, or a town or a political subdivision of a county. * * *"
Amended Laws 1978, Ch. 84, § 1.

2. When appellant filed this action, A.R.S. § 12–304(1) read:
"No court fees shall be charged:
1. The state, a county or a political subdivision of a county. * * *"
Subsequently, the State Legislature amended the statute to read:

"There are no constitutional or statutory provisions exempting municipalities or political subdivisions from tort liability when committed in the prosecution of either governmental or proprietary activities." *Taylor v. Roosevelt Irr. Dist.,* supra, 71 Ariz. at 164, 226 P.2d 154.

Nor is there an exemption from statutes of limitation since:

"If immunity from statutes of limitations is to be found it must be found in the Constitution or the laws of the state. No such state law or constitutional provision which specifically exempts municipalities from the operation of statutes of limitation has been called to our attention and we are aware of none." *Valley Nat. Bank of Phoenix v. Electrical Dist. No. 4,* supra, 90 Ariz. at 314, 367 P.2d 655.

■ In the present case, the Legislature has enacted a statute which exempts a political subdivision of the State from paying a fee to file a complaint. The plain wording of Article 13, Section 7 exempts appellant likewise. The question is not whether public policy will be served by recognizing an exemption for appellant. The decision is controlled by the language of Article 13, Section 7. Judicial consideration of public policy is not called for. See *Adams v. Bolin,* supra.

Reversed.

HOLOHAN, V. C. J., and HAYS, CAMERON and GORDON, JJ., concur.