917 P.2d 703

**David STAPLEFORD, Petitioner,**

v.

**Honorable Margaret HOUGHTON, Judge of the Superior Court for the State of Arizona, in and for the County of Pima, Respondent,**

**and**

**The STATE of Arizona, Stephen D. Neely, Pima County Attorney, Real Party in Interest.**

**No. CV–95–0539–PR.**

Supreme Court of Arizona.

May 30, 1996.

Hirsh, Davis & Piccarreta, P.C. By David Bjorgaard, Tucson, for Petitioner.

Stephen D. Neely By Louis M. Spivack, Tucson, for Real Party in Interest.

## OPINION

MOELLER, Justice.

### FACTS AND PROCEDURAL HISTORY

While in prison, defendant and his cellmate, Corso, fought, resulting in aggravated assault charges against defendant. Defendant's attorneys sought a pretrial interview of Corso, but the prosecution, perhaps acting at Corso's request, denied the interview, claiming that Corso was entitled to victim status under the Victim's Bill of Rights, Ariz. Const. art. II, § 2.1. The trial court denied defendant's motion to compel an interview, and the court of appeals declined special action jurisdiction to review that denial. We treated defendant's petition for review as a special action, accepted jurisdiction, and entered an order permitting the interview to go forward with opinion to follow. This is that opinion. We have jurisdiction pursuant to Ariz. Const. art. VI, § 5(3) and Ariz. R. Sp. Act. 8.

### DISCUSSION

The Victim's Bill of Rights (V.B.R.) of the Arizona Constitution, enacted by the people in 1990, grants certain rights to those who qualify as "victims." *See* Ariz. Const. art. II, § 2.1. One such right is the right "to refuse an interview, deposition, or other discovery request by the defendant, the defendant's attorney, or other person acting on behalf of the defendant." Ariz. Const. art. II, § 2.1(A)(5). The V.B.R. defines a "victim" as

> a person against whom the criminal offense has been committed or, if the person is killed or incapacitated, the person's spouse, parent, child or other lawful representative, except if *the person* is in custody for an offense or is the accused.

Ariz. Const. art. II, § 2.1(C) (emphasis added).

The state maintains that the underscored term ("the person") refers to "the person's spouse, parent, child, or other lawful representative." Thus, according to the state, the subsection should be interpreted to read:

> [I]f the victim is killed or incapacitated, then that person's spouse, parent, child or other lawful representative [is a victim],

except if [the spouse, parent, child or other lawful representative] is in custody for an offense or is the accused.

The state asserts that this interpretation is clearly indicated by the construction of the constitutional definition. As additional support for its interpretation, the state points to this court's comment to Rule 39 of the Arizona Rules of Criminal Procedure, which states that "it appeared inadvisable to exclude ... inmate/victims from the rights guaranteed by the Arizona Constitution."

We believe the state's suggested reading of the constitutional definition of victim is unsound. Furthermore, we now conclude that our comment to Rule 39, Ariz. R.Crim. P., cannot be squared with the express wording of the constitution, and acknowledge that the comment may well have misled the trial court and the court of appeals in this case. We address the language of the constitution and of the comment in turn.

■ The state's proposed interpretation of the constitutional language ignores the construction of the sentence it attempts to interpret. Ariz. Const. art. II, § 2.1(C) uses the words "the person" three times and in each instance those words refer to the one "against whom the criminal offense has been committed," i.e., the victim. If the victim is killed or incapacitated, then the victim's relative or representative is a victim. However, a person cannot be a victim if that person is in custody or is the accused.

■ In our view, relatives and representatives, according to a proper reading of the sentence, are not "the person." If the people had meant to adopt the interpretation which the state urges, they would have stated that "a victim is a person against whom a crime has been committed or, if the person is killed ... the person's [relative], except if **the relative** is in custody for an offense or is the accused." We are bound by the clear and unambiguous terms of the constitution. *State v. Roscoe,* 185 Ariz. 68, 71, 912 P.2d 1297, 1300 (1996). The constitution clearly and unambiguously exempts those "in custody for an offense" from victim status. *See id.*

■ Equally unconvincing is the state's reliance on our own comment to Rule 39, Ariz. R.Crim. P. As we recently held in *Roscoe,* the constitution "clearly define[s] two exceptions to victim status in [section 2.1(C)]...." 185 Ariz. at 71, 912 P.2d at 1300. Those two exceptions are persons who are "in custody for an offense" or who are "the accused." In *Roscoe,* we held that the courts and the legislature do not possess the power to "diminish clearly-expressed constitutional rights to correspond to our (or to the legislature's) perception of the people's intent." 185 Ariz. at 73, 912 P.2d at 1302.

The state argues that its interpretation would harmonize our comment to Rule 39 with the V.B.R. It would not. If the state's interpretation were accepted, and the in-custody "spouse, parent, or child" of a deceased or incapacitated victim were protected under the V.B.R., then a senseless inconsistency would result: in-custody relatives of dead victims would not receive victim status under the V.B.R., while in-custody victims would receive such status.

Admittedly, this case differs from *Roscoe.* In *Roscoe,* we held the trial court's ruling denied victim status to a person who met the constitutional definition of a victim. Here, the trial court's ruling confers victim status on one who falls within one of the two "clearly defined exceptions to victim status" which we recognized in *Roscoe.*

■ However, court rules and comments thereto cannot be given effect if they conflict with valid provisions of the constitution. We recently held in *Roscoe* that the V.B.R. "grants to the legislature the authority to define the rights created therein, not the power to redetermine who is entitled to them." 185 Ariz. at 73, 912 P.2d at 1302. We specifically noted in *Roscoe* that "we analyze our own Rule 39 ... as closely as the legislative provision." *Id.* The people chose to adopt the provisions of the Victim's Bill of Rights. Just as the legislature cannot circumvent the will of the people, neither can this court. Because the framers of the constitutional provision chose to deny to prisoners ("those in custody") the panoply of rights afforded to other victims, the court must adhere to the constitutional language and

ignore conflicting language in statutes, rules, or comments to rules.

## DISPOSITION

Because Corso is in custody, he is not a "victim" as defined in the Victim's Bill of Rights. Accordingly, the trial court erred in denying the motion to compel an interview. This case is remanded to the trial court for further proceedings consistent with this opinion.

FELDMAN, C.J., ZLAKET, V.C.J., and MARTONE, J., concur.

JONES, J., did not participate in the determination of this matter.