944 P.2d 73

The INDUSTRIAL DEVELOPMENT AUTHORITY OF the COUNTY OF PIMA, an Arizona non-profit corporation, Plaintiff–Appellant,

v.

MARICOPA COUNTY, a political sub-division of the State of Arizona; and the Department of Revenue of the State of Arizona, Defendants–Appellees.

No. 1 CA–TX 96–0013.

Court of Appeals of Arizona, Division 1, Department T.

Sept. 4, 1997.

Nearhood & Associates, P.C. by Richard D. Nearhood, James D. Nearhood, Scottsdale, for Plaintiff–Appellant.

Richard M. Romley, Maricopa County Attorney by Sandor Shuch, Deputy County Attorney, Phoenix, for Defendants–Appellees.

## OPINION

NOYES, Presiding Judge.

The Industrial Development Authority of the County of Pima ("Pima IDA") bought sixteen apartment complexes in Maricopa County and claimed that they were exempt from ad valorem taxation because Pima IDA was a political subdivision of the state and, therefore, its property was "state" property, which is constitutionally exempted from taxation. The tax court upheld the tax and we affirm.

### I.

Pima IDA is an Arizona non-profit corporation organized pursuant to Arizona Revised Statutes Annotated ("A.R.S.") sections 35–701 through 35–761 (1990 and Supp.1996). In 1993 and 1994, pursuant to a "Direct Sale Program" by which the Resolution Trust Corporation sold property at a discount to governmental agencies, Pima IDA purchased a group of sixteen apartment complexes located in Maricopa County. As a condition of the sale, Pima IDA agreed to make thirty-five percent of the units in each complex continuously available for occupancy by lower-income and very low-income families at a reduced rental rate.

For tax year 1994, Maricopa County assessed Pima IDA an ad valorem property tax on the sixteen apartment complexes, which had full cash values totalling $14,585,636. Pima IDA paid the tax, then filed this action to recover the tax on grounds that the apartment complexes were "state" property under the Arizona Constitution article 9, section 2(1) and the taxation was therefore illegal. *See* A.R.S. § 42–204(C) (Supp.1996) (pertaining to taxpayer actions to "recover any tax illegally collected").

On cross-motions for summary judgment, the tax court granted judgment to the defendant taxing authorities. Pima IDA appealed. We have jurisdiction pursuant to A.R.S. section 12–2101(B) (1994).

### II.

Pima IDA's cause of action is based on the Arizona Constitution article 9, section 2(1), which provides, "There shall be exempt from taxation all federal, state, county and municipal property."

Pima IDA is a political subdivision of the state, as are counties, municipalities, and numerous other entities. A.R.S. section 35–511(2) (1990) provides, " 'Political subdivision' means city, town, county, ... industrial development authority, ... and any other agency, instrumentality, municipal corporation or other entity created by a law of this state which has the power to issue bonds."

Pima IDA claims that, because it is a political subdivision of the state, its property is "state" property within the meaning of article 9, section 2(1). The problem with this

argument is that article 9, section 2(1) mentions "county and municipal" but does not mention "industrial development authority." Every word of a statute or constitutional provision is to be given meaning. *E.g., City of Phoenix v. Yates,* 69 Ariz. 68, 72, 208 P.2d 1147, 1149 (1949) (citations omitted). To interpret the word "state" in article 9, section 2(1) as broadly as Pima IDA does—to encompass all political subdivisions of the state—is to remove all meaning from the section's mention of "county and municipal." To give meaning to those words, then, we apply the principle of *expressio unius est exclusio alterius, e.g., Pima County v. Heinfeld,* 134 Ariz. 133, 134, 654 P.2d 281, 282 (1982), and hold that, because article 9, section 2(1) expressly exempts county and municipal property from taxation, it excludes from that exemption the property of all other political subdivisions of the state.

 Pima IDA argues that "this Court should focus its analysis upon the recognized public policy considerations, and the consequences of the alternative interpretations." Our primary focus when interpreting a constitutional provision, however, is on "the intent of those who framed the provision." *Jett v. City of Tucson,* 180 Ariz. 115, 119, 882 P.2d 426, 430 (1994); *Pinetop–Lakeside Sanitary Dist. v. Ferguson,* 129 Ariz. 300, 302, 630 P.2d 1032, 1034 (1981). If the language of the provision is clear, as it is in this case, we do not focus on policy considerations, for "judicial construction is neither necessary nor proper." *Jett,* 180 Ariz. at 119, 882 P.2d at 430.

Pima IDA argues that article 9, section 2(1) confers intergovernmental tax immunity rather than exemption from taxation. No "immunity" issue exists in this case. In *Tucson Mechanical Contracting, Inc. v. Dep't of Revenue,* 175 Ariz. 176, 179, 854 P.2d 1162, 1165 (App.1992), we held that a tax does not violate the doctrine of intergovernmental tax immunity "unless the tax falls directly on the federal government, falls on an instrumentality indistinguishable from the federal government, or somehow discriminates against the government or a private party with which it does business." An ad valorem tax on Pima IDA's apartment complexes does none of those things.

A.R.S. section 35–741 (1990) provides, in relevant part, that an industrial development authority corporation "shall be exempt from all taxation in this state, except that property of the corporation shall be subject to all applicable ad valorem taxes." This statute is constitutional.

The judgment of the tax court is affirmed.

GERBER and EHRLICH, JJ., concur.