NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

GLEN EDWARD BOYD, *Plaintiff/Appellant*,

*v.*

STATE OF ARIZONA, et al., *Defendants/Appellees*.

No. 1 CA-CV 22-0624
FILED 6-27-2023

Appeal from the Superior Court in Maricopa County
No. CV2022-091383
The Honorable Jay R. Adleman, Judge

**AFFIRMED**

COUNSEL

Glen Edward Boyd, Tucson
*Plaintiff/Appellant*

Maricopa County Attorney's Office, Phoenix
By Joseph J. Branco, Angela D. Lane, Courtney R. Glynn, Sean M. Moore
*Counsel for Defendant/Appellee Maricopa County Attorney's Office*

Arizona Attorney General's Office, Phoenix
By Rebecca A. Banes, Claudia Acosta Collings
*Counsel for Defendants/Appellees State of Arizona*

---

## MEMORANDUM DECISION

Presiding Judge Samuel A. Thumma delivered the decision of the Court, in which Judge Randall M. Howe and Judge Anni Hill Foster joined.

---

**T H U M M A**, Judge:

**¶1**　　　　Plaintiff Glen Boyd appeals from the dismissal of his claims against defendants State of Arizona, Arizona Department of Juvenile Corrections (ADJC) and the Maricopa County Attorney's Office for failure to state a claim upon which relief can be granted. Because Boyd has shown no error, the judgment is affirmed.

### FACTS AND PROCEDURAL HISTORY

**¶2**　　　　Boyd's complaint alleges that in 2001 while he was in ADJC custody as a minor, he "was lured into a[n] illegal sexual relationship with" ADJC Correctional Officer "Jennifer Suave/Jurn/Loe." In 2006, after Loe confessed to the illegal conduct, an ADJC investigator interviewed Boyd. After giving his account of the events, Boyd alleges the investigator said he was "the victim of a crime" of sexual abuse. Boyd alleges the investigator explained that the decision to prosecute would be made by the Maricopa County Attorney's Office and that Boyd "was told if she's convicted, I will get the chance to tell the judge what I want to see happen to her." Boyd alleges Loe was charged with two "counts of unlawful sexual conduct; correctional employee; person in custody." Loe later pled guilty to one count of solicitation to commit unlawful sexual conduct with a person in custody, in 2007, and was placed on probation for five years.

**¶3**　　　　In late 2020, after learning of a change to the potentially applicable statute of limitations, *see* Arizona Revised Statutes (A.R.S.) § 12-514 (eff. May 27, 2019), and believing he may have a claim for damages, Boyd filed a previous civil suit. Boyd alleges that, as part of that previous civil suit, he first learned of Loe's charges and guilty plea.

**¶4**　　　　In March 2022, Boyd filed this action claiming defendants had violated his victim's rights under the Arizona Constitution and Arizona Rules of Criminal Procedure by not informing him of Loe's charge and plea. Defendants separately moved to dismiss the complaint, arguing the Maricopa County Attorney's Office and ADJC were non-jural entities, that

Boyd was not eligible to pursue his claims under the Arizona Constitution and that Boyd's claims were time-barred. Boyd moved to amend his complaint to add as defendants the Director of the ADJC as well as the Maricopa County Attorney. Boyd also sought to add violations of the United States Constitution in his amended complaint.

**¶5** Before ruling on the motion to amend, the court granted both motions to dismiss finding that ADJC and the County Attorney's Office were non-jural entities incapable of being sued, Boyd failed to file a notice of claim within the applicable time limit and his claim was time-barred. The court also found that Boyd failed to state a claim upon which relief could be granted under the Victims' Bill of Rights. Boyd timely appealed from the entry of a final judgment. This court has jurisdiction under Article 6, Section 9, of the Arizona Constitution and A.R.S. sections 12-120.21(A)(1) and -2101(A)(1).

## DISCUSSION

**¶6** In reviewing the grant of a motion to dismiss for failure to state a claim, this court assumes the truth of all well-pleaded facts alleged in the complaint. *Fidelity Sec. Life Ins. Co. v. State*, 191 Ariz. 222, 224 ¶ 4 (1998). To prevail on a motion to dismiss for failure to state a claim, the moving party must establish that the claimant would not be entitled to relief under any set of facts susceptible of proof. *Id.* This court reviews de novo an order dismissing a complaint for failure to state a claim. *Coleman v. City of Mesa*, 230 Ariz. 352, 355 ¶ 7 (2012).[1]

**¶7** This case is distinct from Boyd's claim for damages for sexual assault against Loe, the State and the ADJC and this decision has no effect on his appeal pending in that case. In this case, Boyd is not seeking damages relating to the sexual assault but instead seeks damages for alleged violations of his rights as a victim. "Crime victims' rights in Arizona are protected by our constitution, by statute, and by court rule." *State v. Nichols*, 224 Ariz. 569, 571 ¶ 7 (App. 2010). These rights are found in the Victims' Bill

---

[1] Independent of the Victims' Bill of Rights analysis below, the County Attorney's Office and the ADJC are non-jural entities incapable of being sued. "[A] governmental entity may be sued only if the legislature has so provided." *McKee v. State*, 241 Ariz. 377, 384 ¶ 28 (App. 2016). No statute provides that either the ADJC or the County Attorney's Office may be sued. *Compare* A.R.S. §§ 41-2801 through -2833 *and* A.R.S. §§ 11-531 through -539 *with* A.R.S. § 23-106(A) ("The [industrial] commission may, in its name, sue and be sued.").

of Rights (VBR), Ariz. Const. art. II, § 2.1, the Victims' Rights Implementation Act (VRIA), A.R.S. §§ 13-4401 through 4443, and Arizona Rule of Criminal Procedure 39. To state a claim for damages under these provisions, an individual must first demonstrate that he or she is a "victim" as defined in the VBR. *See Nichols*, 224 Ariz. at 571 ¶ 8 (noting that, although both VBR and VRIA have provisions defining "victim," the constitutional definition in the VBR controls). Accordingly, to properly seek damages under these provisions, Boyd must first show that he is a "victim" under the VBR.

¶8        The VBR defines a "victim" as

> a person against whom the criminal offense has been committed or, if the person is killed or incapacitated, the person's spouse, parent, child or other lawful representative, *except if the person is in custody for an offense or is the accused.*

Ariz. Const. art. II, § 2.1(C) (emphasis). As Boyd concedes, more than a generation ago, the Arizona Supreme Court declared that "[t]he constitution clearly and unambiguously exempts those 'in custody for an offense' from victim status." *Stapleford v. Houghton*, 185 Ariz. 560, 562 (1996).

¶9        Boyd argues the voters could not have intended for the exception to apply to a minor being held in custody at ADJC. But "where a constitutional provision is clear, no judicial construction is required or proper." *Pinetop-Lakeside Sanitary Dist. v. Ferguson*, 129 Ariz. 300, 302 (1981). Accordingly, under the express terms of the VBR, because Boyd was in custody at the time, he was not entitled to seek money damages. Therefore, the superior court did not err in finding his complaint failed to state a claim upon which relief could be granted.

¶10       Boyd next argues that this provision of the VBR violates his rights under the Eighth and Fourteenth Amendments as alleged in this motion to amend his complaint. However, claims for monetary damages from constitutional violations can only be brought under 42 U.S.C. § 1983. *See Wilkie v. State*, 161 Ariz. 541, 545 (App. 1989). Neither Boyd's complaint nor proposed amended complaint purport to bring a Section 1983 claim. Moreover, Boyd has not alleged the incarcerated person exception deprives him of any specified right under federal law. Citing various federal court decisions, Boyd argues he has a federal "constitutional right to be protected from being sexually assaulted by a guard." *See Kahle v. Leonard*, 477 F.3d 544, 554 (8th Cir. 2007). As applicable here, however, the incarcerated

4

person exception does not negate or undercut such a federal constitutional right; instead, it is a limit on the rights to which he is entitled under Arizona's VBR. *See* Ariz. Const. art. II, § 2.1(A). Thus, Boyd's claims under the Eighth and Fourteenth Amendments of the United States Constitution fail. For these reasons, the court did not err in denying his motion to amend, because such an amendment would have been futile. *See Walls v. Ariz. Dep't. of Pub. Safety*, 170 Ariz. 591, 597 (App. 1991).

¶**11** Boyd argues defendants are bound by the ADJC investigator's claimed statements that Boyd was a victim and may be called to testify. However, Boyd cites no legal authority supporting such a position and has therefore waived such argument. *See MacMillan v. Schwartz*, 226 Ariz. 584, 591 ¶ 33 (App. 2011). Nor has Boyd shown how such statements would bind this court from concluding he is not a victim under the VBR. *See Nichols*, 224 Ariz. at 572 ¶ 12 (designation as a victim is a question of law reviewed de novo). A misstatement of law by the ADJC investigator does not change the restrictions of the VBR. Boyd has not shown that the investigator's statements mean that defendants waived this issue.[2]

## CONCLUSION

¶**12** The judgment is affirmed.



AMY M. WOOD • Clerk of the Court
FILED:     JT

---

[2] Given this holding, this Court need not and expressly does not address Boyd's arguments on the timeliness of his notice of claim and whether his claim is time-barred by the statute of limitations.